UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                        Chapter 11

HIGHGATE LTC MANAGEMENT, LLC,                 Case No. 07-01168-1 REL

                            Debtor.

-------------------------------------------------------------------x

## AFFIDAVIT OF EUGENE NACHAMKIN
## IN SUPPORT OF ORDER TO SHOW CAUSE
## RE: USE OF CASH COLLATERAL

State of New York          )
                           ) ss.:
County of Schenectady      )

Eugene Nachamkin, being duly sworn, hereby deposes and says:

1.     I am a member of Highgate LTC Management, LLC, the above-captioned Debtor ("LTC" or the "Debtor") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). I am fully familiar with the facts and circumstances recited herein. I submit this affidavit in conjunction with the Debtor's application for an Order to Show Cause seeking authority to use cash collateral and provide adequate protection pursuant to Sections 363(c)(2)(B) and 361 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

2.     As is set forth below in more detail, the Debtor and its affiliate Highgate Manor Group, LLC ("Manor") have filed their respective Chapter 11 cases to recover control of the nursing homes owned and operated by the Debtors from a receiver

appointed by the State Court after a default in payment to the Debtors' secured lender, General Electric Credit Corporation ("GECC"). The Debtors intend to market the facilities for sale as a going concern, so as to maximize the return on their property so that all creditors, and not just the secured lender, can receive a distribution on their claims.

3.      The Debtor proposes to continue operations of the nursing homes pending completion of the sale and confirmation of a plan. To fund those operations, the Debtor proposes to use on-going accounts receivable, which accounts are subject to a lien held by GECC, and to pay GECC the same adequate protection payments which the Receiver has been making. The Debtor also proposes to give GECC a replacement lien in the post-petition accounts receivable.

## BACKGROUND

4.      Manor owns improved real property at four separate locations, together with furniture, fixtures and equipment, which it leases to its affiliate, LTC. The Debtor operates four nursing homes, one at each of the locations owned by Manor. Manor is filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code concurrently with LTC's petition.

5.      The four nursing homes are operated as Northwoods Rehabilitation and Extend Care Facilities at the following locations (collectively, the four homes are the "Facilities"):

| | |
|---|---|
| Hilltop | 1805 Providence Avenue |
| 112 beds | Niskayuna, NY 12309 |
| | |
| Cortland | 28 Kellogg Road |
| 200 beds | Cortland, NY 13045 |

| Troy | 100 New Turnpike Road |
| 120 beds | Schaghticoke, NY 12182 |
| | |
| Rosewood Gardens | 284 Troy Road |
| 80 beds | East Greenbush, NY 12144 |

6.     The primary offices for both LTC and Manor are located at Hilltop in Niskayuna. The members of LTC are myself, my wife, Dianna Koehler-Nachamkin, Howard Krant and Scott Bialick. The members of Manor are myself, Dianna Koehler-Nachamkin, Howard Krant, Scott Bialick, Longview Horizons, LLC and Patricia Bruder[1].

7.     On May 26, 2005, Manor borrowed $21,500,000 from GECC to refinance the mortgage previously held by M&T Real Estate, Inc. The promissory note executed by Manor with GECC has a five year term and is secured by a mortgage on Manor's real property. At the same time, the Debtor obtained a $4,000,000 line of credit from GECC, secured by the assets of the Debtor, consisting primarily of accounts receivable, and including all cash in bank accounts of the Debtor.

8.     Both debts to GECC are guaranteed and cross collateralized by Manor and LTC. The debts to GECC are also personally guaranteed by the four members of LTC, and by Guilderland LTC Management LLC, which is owned by several of the Members of the Debtor and Manor.

---

[1] As set forth below, Howard Krant and Scott Bialick withdrew substantial funds from LTC and Manor, by which act they may have relinquished all legal rights as members of both LTC and Manor, and may not, in fact, be members. Although for the sake of avoiding unnecessary litigation at a time when our attention needs to be focused on the financial well being of the companies the other companies continue to treat them as members of the companies, we do so with a full reservation of all rights to challenge their respective claims to be members of either or both LTC and Manor at the appropriate time.

9.     As of the filing date of the Chapter 11 petitions, the balance due on the promissory note, including interest, legal fees and other charges is estimated to be approximately $23 million. The balance due on the line of credit as of February 13, 2007, the most recent date for which I have actual figures, is $3,058,123.38 on eligible accounts receivable (those less than 150 days old) of $4,049,198.71. As of February 13, there were additional accounts receivable over 150 days old of at least $1.7 million, which were not part of the eligible accounts receivable under the formula for the borrowing base established in the loan agreement with GECC.

10.     The Debtor's precarious financial condition stems from an inability to service its secured debt to GECC and simultaneously pay ongoing operational expenses. This difficulty was exacerbated by the improper withdrawal of amounts in excess of $716,366.24 out of operating funds by two of the members, Howard Krant and Scott Bialick in 2005.

11.     In a joint effort with GECC to reduce its operating expenses, in May 2006, and at the recommendation of GECC, the Debtor hired Tim Wade as Interim Chief Executive Officer. Unfortunately, Mr. Wade has not performed his duties satisfactorily, and caused the Debtor to default on the outstanding debt to GECC. In response to the default, GECC brought suit in the Supreme Court of the State of New York, County of Rensselaer to foreclose on its liens. By Order dated November 29, 2006, because of the default in payment to GECC, the Receiver was appointed with the power to collect all monies due to LTC and Manor, and to liquidate the assets of LTC and Manor for the benefit of GECC.

12.     LTC and Manor filed their respective Chapter 11 cases to remove the Receiver pursuant to Section 543 of the Bankruptcy Code, and to replace both the Receiver and Mr. Wade with an outside operator, BOHASHIC, LLC, which will oversee the operations of the nursing homes during the Chapter 11 proceedings, until a buyer can be found for the assets of LTC and Manor. A motion to approve the proposed operating agreement with BOHASHIC is being filed with the Court.

## PROPOSED USE OF CASH COLLATERAL

13.     I am advised by bankruptcy counsel for LTC that Section 363(c)(2)(B) of the Bankruptcy Code provides that a Debtor in Possession:

> may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

14.     I am further advised that Section 363(e) requires the Debtor to provide adequate protection to GECC.

15.     Attached hereto as Exhibit "A" is a copy of the budget prepared by the Receiver covering operations for calendar year 2007. This budget shows a projected loss of $1,131,935. Included in this budget is a total of $1,500,000 in fees being paid to the Receiver pursuant to the Order appointing the Receiver.

16.     Attached hereto as Exhibit "B" is the proposed budget of the Debtor, after replacement of the Receiver by BOHASHIC, LLC, which budget shows a projected net profit for 2007 of $1,400,000. Included in this budget is a reduction in expenses for management, in that the $125,000 per month fee of the Receiver is reduced to $35,000

per month for BOHASHIC, a savings of $1,080,000 over a twelve month period on this budget item alone.

17.    Certain other savings are projected in the Debtor's budget, which savings are set forth in the comparison of the Receiver's budget to the Debtor's budget contained in Exhibit "C". The documents show the breakdown of the budget for each facility in turn, first as prepared by the Receiver and then as proposed for operations under BOHASHIC.

18.    Most importantly for the purposes of this motion, the Debtor proposes to operate the business using the cash on hand in the bank accounts to be turned over to the Debtor by the Receiver pursuant to Section 543 of the Bankruptcy Code, and additional monies generated by the accounts receivable of the Debtor, which cash and accounts receivable are secured by the liens held by GECC.

19.    In return for the proposed use of cash collateral, the Debtor proposes to pay to GECC the same payments which the Receiver would otherwise have been making to GECC. The Debtor also proposes to give GECC a replacement lien in the bank accounts and the accounts receivable that are generated after the Chapter 11 filing, and to permit GECC to retain its secured claims against all other assets of the Debtor and Manor to the extent and in the same priority which GECC held secured claims as of the filing of the Chapter 11 petitions[2]. The proposed adequate protection liens would be deemed valid and perfected as of the date of approval of the instant motion by the

_____

[2] Although the Debtor believes GECC's to be first in priority and to be fully perfected under applicable non-bankruptcy law, nothing contained herein shall be deemed to be a waiver of the Debtor's rights to review and challenge GECC's liens under applicable provisions of the Bankruptcy Code and non-bankruptcy law.

Bankruptcy Court, without the need for execution or filing of any further document or instrument otherwise required to be executed or filed under applicable non-bankruptcy law.

20. The Debtor further proposes that the liens and security interests granted to GECC hereunder, be deemed valid and enforceable against any trustee appointed in this case, in any superseding case or in any case related hereto, and notwithstanding the entry of an order confirming a plan of reorganization, survive to the benefit of GECC, and shall be binding upon the Debtor and its successors and assigns, until such priorities, liens and security interests are satisfied and discharged in full.

## EFFORTS TO OBTAIN ALTERNATE FINANCING WERE UNAVAILING

21. Efforts to obtain financing from a third party for the Chapter 11 were unsuccessful, because the Debtor has extremely limited access to its books and records from the Receiver, making due diligence by proposed lenders virtually impossible. Moreover the existence of the current loan agreement with GECC had a chilling effect on proposed lenders, who were concerned that they were being used solely as a "stalking horse" to compel concessions out of GECC, and who, as a consequence, sought substantial facility fees and other "up front" non-refundable payments, that were higher than would normally be expected, in the event that the Debtor withdrew its application to borrow funds after the Chapter 11 case was filed.

22. In light of the current foreclosure litigation with GECC, it was not feasible to negotiate for the use of cash collateral with GECC prior to the Chapter 11 filing. To the extent necessary, the Debtor and Manor stand ready to negotiate the

specific terms of the proposed use of cash collateral with GECC once the Chapter 11 cases are filed and the Facilities have been recovered from the Receiver.

## NEED FOR EMERGENCY RELIEF

23. The Debtor cannot operate without using GECC's cash collateral. Because of the nature of the Debtor's business and the need to continue to provide quality health care to its patients without interruption, the Debtor must have immediate access to funds.

24. On the other hand, it also is manifestly unreasonable for the Debtor to use the cash collateral without providing the required adequate protection to GECC, which bankruptcy counsel for the Debtor advises me is recognized by the provisions of Section 363(e) of the Bankruptcy Code requiring this Court to make an independent inquiry into whether GECC is adequately protected. Therefore, the Debtor seeks the instant Order to Show Cause for an expedited hearing to consider its proposed use of cash collateral and granting of adequate protection.

25. Pending the hearing on the Order to Show Cause, the Debtor seeks interim relief of allowing the proposed use of cash collateral pursuant to the budget annexed hereto as Exhibit "B", and the granting of post-petition liens to GECC, until such time as the motion may be heard.

WHEREFORE, I respectfully pray for the entry of the pre-fixed Order to Show Cause, and the entry of an Order after hearing granting relief consistent with the foregoing, and for such further relief as may be just and proper, for all of which no previous request has been made to this or any other Court.

Eugene Nachamkin

Sworn to before me this
13th day of April, 2007

Notary Public

LINDA M. ST. LOUIS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ST6160389
Qualified in Albany County
Commission Expires Feb. 5, 20 _11_

9

# EXHIBIT A

# Northwoods He...th Systems
## Summary 2007 Budget

3/8/2007
Final

| | HILLTOP | | TROY | | ROSEWOOD | | CORTLAND | | TOTALS | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Payor Mix Per Day** | | | | | | | | | | |
| Medicaid | 50 | 53% | 85 | 76% | 66 | 85% | 134 | 84% | 337 | 75% |
| Medicare | 28 | 30% | 17 | 15% | 7 | 9% | 10 | 6% | 62 | 14% |
| Insurance | 14 | 15% | 5 | 4% | 3 | 3% | 10 | 6% | 32 | 7% |
| Private | 2 | 2% | 5 | 4% | 3 | 3% | 6 | 4% | 16 | 3% |
| Total Budgeted Census | 94 | 100% | 112 | 100% | 78 | 100% | 160 | 100% | 447 | 100% |
| | | | | | | | | | | |
| **TOTAL REVENUE** | $16,342,639 | | $8,786,268 | | $5,736,863 | | $9,985,844 | | $40,851,614 | |
| | | | | | | | | | | |
| **OPERATING EXPENSES** | $12,805,262 | | $7,160,273 | | $4,797,657 | | $8,383,437 | | $33,146,629 | |
| Cash Receipt Assessment | 722,617 | | 384,907 | | 276,738 | | 505,956 | | 1,890,218 | |
| | $13,527,879 | | $7,545,180 | | $5,074,395 | | $8,889,393 | | $35,036,847 | |
| | | | | | | | | | | |
| **NOI** | $ 2,814,760 | | $ 1,241,088 | | $ 662,468 | | $ 1,096,451 | | $ 5,814,767 | |
| | | | | | | | | | | |
| Allocated Overhead | 591,057 | | 248,897 | | 167,068 | | 410,740 | | 1,417,762 | |
| Rent | 1,316,952 | | 460,000 | | 262,000 | | 798,000 | | 2,836,952 | |
| Working Capital Interest | 70,000 | | 70,000 | | 46,000 | | 125,000 | | 311,000 | |
| Depr. and Amort. | 259,606 | | 139,100 | | 78,500 | | 145,000 | | 622,206 | |
| Bad Debt | 48,026 | | 54,050 | | 17,559 | | 28,744 | | 148,379 | |
| Receiver fee | 328,125 | | 351,563 | | 234,375 | | 585,938 | | 1,500,000 | |
| Default Interest | 8,138 | | 8,719 | | 5,813 | | 14,531 | | 37,200 | |
| 401K interest | 16,013 | | 17,156 | | 11,438 | | 28,594 | | 73,200 | |
| | | | | | | | | | | |
| **PROFIT/(LOSS)** | $ 176,843 | | $ (108,396) | | $ (160,284) | | $ (1,040,095) | | $ (1,131,932) | |

Note: Profit/(Loss) does not capture any penalties or interest on future cash receipts assessment payments
nor any adjustments for future changes in CMI.

03/06/2007                          Cortland                    **Final**

                                  2007 BUDGET
                                  ASSUMPTIONS

<u>General:</u>

          Actual year to date data used for 2006 annual numbers


<u>Profit / (Loss)</u>        (411,033)


<u>Revenue:</u>

          Medicaid rates – Revised Facility Reimbursement Impact add on $4.15          $202,977
          Medicare 07 RUG rates to be used
          Census proj. @ 159 / day ( 79.5%)
          Excludes potential Medicaid / Medicare retro. increase/decrease.


<u>Expenses:</u>

          Includes salary rate increases of 4% gross (2% net).
          Includes 5% cost of goods increase on most supply items and 4% on most other expenses
          Nursing PPD          3.17

**EXHIBIT B**

# NORTHWOODS BUDGET

## SUMMARY

| | ORIGINAL RECEIVER'S BUDGET | BOHASHIC, LLC. REVISED BUDGET |
|---|---|---|
| **REVENUE:** | | |
| CORTLAND | $9,985,844 | $10,066,673 |
| TROY | $8,786,268 | $8,786,268 |
| ROSEWOOD GARDENS | $5,736,663 | $5,758,027 |
| HILLTOP - NISKAYUNA | $16,342,639 | $16,361,802 |
| TOTAL REVENUE | $40,851,614 | $40,972,770 |
| | | |
| **EXPENSES:** | | |
| CORTLAND | $11,025,940 | $10,397,962 |
| TROY | $8,894,664 | $8,442,766 |
| ROSEWOOD GARDENS | $5,897,149 | $5,594,682 |
| HILLTOP - NISKAYUNA | $16,165,796 | $15,136,493 |
| TOTAL EXPENSES | $41,983,549 | $39,571,903 |
| | | |
| NET PROFIT/ (LOSS) PROJECTED | ($1,131,935) | $1,400,867 |


**EXHIBIT C**

RECEIVED

Northwoods at Castlereview
## 2007  Budgeted P & L

# Final

| | 2006 BUDGET | 2006 ANNUAL | 2007 BUDGET |
|---|---|---|---|
| **OPERATING REVENUE** | | | |
| PRIVATE | $655,469 | $552,178 | $574,875 |
| MEDICARE | 758,515 | 602,393 | 1,023,825 |
| MEDICAID | 7,203,603 | 6,682,945 | 7,380,519 |
| INSURANCE | 937,081 | 1,062,502 | 912,500 |
| **TOTAL NET REVENUE** | **9,554,668** | **8,900,018** | **9,891,719** |
| **OTHER INCOME:** | | | |
| PT. B | - | - | 4,125 |
| PT. B - Physicans | 18,000 | 14,500 | 20,000 |
| PT. B - OTHER | 40,000 | 40,664 | 40,000 |
| OTHER | 30,000 | 22,938 | 30,000 |
| | 88,000 | 78,102 | 94,125 |
| **TOTAL REVENUE** | **$9,642,668** | **$8,978,120** | **$9,985,844** |
| **TOTAL EXPENSES** | **$9,750,569** | **$10,312,899** | **$10,396,877** |
| **PROFIT / (LOSS)** | **(107,901)** | **(1,334,779)** | **(411,033)** |
| Receiver fee | | | 585,938 |
| Default interest | | | 14,531 |
| PIK interest | | | 28,594 |
| **PROFIT/(LOSS)** | | | **(1,040,095)** |

# BUDGET

## CORTLAND

| | ORIGINAL RECEIVER'S BUDGET | ADJUSTMENTS TO BUDGET | REVISED ADJUSTMENTS TO BUDGET | COMMENTS |
|---|---|---|---|---|
| **REVENUE:** | | | | |
| PRIVATE | $574,575 | $0 | $574,575 | |
| MEDICARE | $1,023,825 | $0 | $1,023,825 | |
| MEDICAID | $7,380,519 | $0 | $7,380,519 | |
| INSURANCE | $312,500 | $0 | $312,500 | |
| **TOTAL REVENUE** | $9,891,719 | $0 | $9,891,719 | |
| **OTHER INCOME:** | | | | |
| PART "B"- THERAPIES | $4,125 | $80,829 | $84,954 | 133 MEDICAID PATIENTS FOR FULL YEAR @ 1.75 PER DAY |
| PART "B" - PHYSICIANS | $20,000 | $0 | $20,000 | |
| PART "B" - OTHER | $40,000 | $0 | $40,000 | |
| OTHER MISCELLENOUS | $20,000 | $0 | $20,000 | |
| **TOTAL ALL REVENUE** | $9,985,844 | $80,829 | $10,066,673 | |
| **EXPENSES:** | | | | |
| NURSING ADMINISTRATION | $338,050 | -$27,095 | $310,995 | REDUCTION OF 1 WARD CLERK |
| NURSING - GERIATRIC | $3,783,890 | $0 | $3,783,890 | |
| PHYSICAL THERAPY | $90,394 | $0 | $90,394 | |
| OCCUPATIONAL THERAPY | $124,705 | -$13,035 | $111,170 | REDUCE SALARY OF O.T. TO $32.50/HR. |
| SPEECH THERAPY | $12,000 | $0 | $12,000 | |
| RESPIRATORY THERAPY | $28,315 | $0 | $28,315 | |
| PSYCHIATRIC CARE | $16,000 | $0 | $16,000 | |
| PHYSICIANS SERVICES | $73,830 | $0 | $73,830 | |
| PARENTERAL & ENTERAL SERVICES | $64,000 | $0 | $64,000 | |
| DENTAL SERVICES | $39,000 | -$1,025 | $37,175 | REDUCTION TO CONTRACT AMOUNT |
| OTHER PATIENT SERVICES | $25,767 | $0 | $25,767 | |
| SOCIAL SERVICES | $119,035 | $0 | $119,035 | |
| RECREATION THERAPY | $106,350 | $0 | $106,350 | |
| MEDICAL RECORDS | $2,074 | $0 | $2,074 | |
| PHARMACY | $449,726 | $0 | $449,726 | |
| DIETARY | $884,982 | $0 | $884,982 | |
| MAINTENANCE | $185,775 | -$15,912 | $169,863 | REDUCTION OF MAINTENANCE ASSISTANT |
| LAUNDRY | $312,513 | $0 | $312,513 | |
| HOUSEKEEPING | $767,333 | $0 | $767,333 | |
| BUSINESS OFFICE | $108,051 | -$13,500 | $94,551 | REDUCTION OF BOOKKEEPERS SALARY COSTS |
| UTILITIES & TAXES | $123,505 | $0 | $123,505 | |
| CLINICAL EVALUATORS | $64,442 | $0 | $64,442 | |
| ADMINISTRATION | $273,956 | -$12,500 | $261,396 | DUES REDUCTION |
| CONTROLLABLE ADMIN. EXPENSES | $747,697 | $12,272 | $735,419 | FIR TAX SAVINGS FOR SALARY REDUCTIONS |
| NON-CONTROLLABLE ALLOCATED EXPENSES | $2,053,439 | -$149,375 | $1,904,084 | REDUCTION OF ALLOCATED FEES WITH REDUCED STAFF IN CORP |
| **TOTAL EXPENSES** | $10,395,876 | -$205,105 | $10,190,771 | |
| **PROFIT/ (LOSS)** | -$411,032 | | -$124,098 | |
| **OTHER FEES/ CHARGES:** | | | | |
| RECEIVER FEES | $585,938 | -$421,872 | $164,066 | |
| DEFAULT INTEREST | $14,531 | $0 | $14,531 | |
| P.I.K. INTEREST | $28,594 | $0 | $28,594 | |
| **NET PROFIT/(LOSS)** | -$1,040,095 | | -$331,289 | |

Northwoods at Troy
2007 Budget P & L

# Final

3/3/2007

|  | 2006 BUDGET | 2006 ANNUAL | 2007 BUDGET |
|---|---|---|---|
| **OPERATING REVENUE** | | | |
| PRIVATE | $523,727 | $640,986 | $529,250 |
| MEDICARE | 1,658,975 | 1,636,687 | 1,963,157 |
| MEDICAID | 5,002,888 | 5,372,768 | 5,517,486 |
| INSURANCE | 1,130,422 | 855,431 | 739,125 |
| TOTAL NET REVENUE | **8,316,012** | **8,505,872** | **8,749,018** |
| **OTHER INCOME:** | | | |
| PT. B - THERAPY | 0 | 0 | 4,250 |
| PT. B - PHYSICIANS | 5,000 | 0 | 0 |
| PT. B - OTHER | 25,000 | 21,247 | 20,000 |
| OTHER | 15,000 | 11,317 | 13,000 |
|  | 45,000 | 32,564 | 37,250 |
| TOTAL REVENUE | $8,361,012 | $8,538,436 | $ 8,786,268 |
| TOTAL EXPENSES | 8,140,155 | 8,398,938 | 8,517,226 |
| PROFIT/(LOSS) | $ 220,857 | $ 139,498 | $ 269,042 |
| Receiver fee | | | 351,563 |
| Default interest | | | 8,719 |
| Management fee | | | 17,156 |
| **PROFIT/(LOSS)** | | | $ (108,396) |

Bottas 19c Budg

# BUDGET

## TROY

| | ORIGINAL RECEIVER'S BUDGET | ADJUSTMENTS TO BUDGET | REVISED ADJUSTMENTS TO BUDGET | COMMENTS |
|---|---|---|---|---|
| **REVENUE:** | | | | |
| PRIVATE | $129,250 | $0 | $129,250 | |
| MEDICARE | $1,983,157 | $0 | $1,983,157 | |
| MEDICAID | $5,517,446 | $0 | $5,517,446 | |
| INSURANCE | $170,125 | $0 | $170,125 | |
| **TOTAL REVENUE** | $7,749,918 | $0 | $7,749,918 | |
| **OTHER INCOME:** | | | | |
| PART "B" - THERAPIES | $4,250 | $0 | $4,250 | |
| PART "B" - PHYSICIANS | $0 | $0 | $0 | |
| PART "B" - OTHER | $20,000 | $0 | $20,000 | |
| OTHER MISCELLENOUS | $13,000 | $0 | $13,000 | |
| **TOTAL ALL REVENUE** | $7,786,268 | $0 | $7,786,268 | |
| **EXPENSES:** | | | | |
| NURSING ADMINISTRATION | $134,773 | +23,656 | $111,117 | REDUCE NURSE MANAGER - 2 DAYS/WEEK |
| NURSING - GERIATRIC | $7,299,286 | $0 | $7,295,386 | |
| STAFFING SERVICE | $9,785 | +6,795 | $0 | UNECESSARY STAFF |
| PHYSICAL THERAPY | $151,571 | $0 | $151,571 | |
| OCCUPATIONAL THERAPY | $192,441 | +33,705 | $158,736 | REDUCTION OF COTA |
| SPEECH THERAPY | $71,300 | $0 | $71,300 | |
| RESPIRATORY THERAPY | $44,427 | $0 | $44,427 | |
| CENTRAL SUPPLY | $134,332 | $0 | $134,332 | |
| PHYSICIANS SERVICED | $94,000 | $0 | $94,000 | |
| PARENTERAL & ENTERAL SERVICES | $120,106 | $0 | $120,106 | |
| DENTAL SERVICES | $25,380 | +875 | $25,380 | ADJUST TO CONTRACT AMOUNT |
| OTHER PATIENT SERVICES | $22,125 | $0 | $22,125 | |
| SOCIAL SERVICES | $119,673 | $0 | $119,672 | |
| RECREATION THERAPY | $72,429 | $0 | $72,429 | |
| MEDICAL RECORDS | $11,451 | $0 | $11,451 | |
| PHARMACY | $467,109 | $0 | $467,109 | |
| DIETARY | $137,192 | +11,152 | $125,616 | REDUCE TRAINING AIDE IN DINING ROOM |
| MAINTENANCE | $174,236 | +14,826 | $159,591 | SNOW REMOVAL DONE BY STAFF - $13,000 REDUCE FLOATER - $13,931 |
| LAUNDRY | $194,359 | $0 | $194,359 | |
| HOUSEKEEPING | $225,348 | $0 | $225,348 | |
| BUSINESS OFFICE | $144,853 | $0 | $144,853 | |
| UTILITIES & TAXES | $221,909 | $0 | $221,909 | |
| CLINICAL EVALUATORS | $69,378 | $0 | $69,378 | |
| ADMINISTRATION | $187,505 | +19,500 | $198,005 | PROV. ADV - $1,500 / DUES REDUCTION - $3,000 |
| CONTROLLABLE ADMIN EXPENSES | $202,406 | +27,734 | $144,592 | REDUCE PR TAXES ON REDUCED STAFF |
| NON-CONTROLLABLE ALLOCATED EXPENSES | $1,156,554 | +65,397 | $1,091,157 | REDUCTION OF CORPORATE STAFF |
| **TOTAL EXPENSES** | $8,517,219 | $518,797 | $8,318,452 | |
| **PROFIT/(LOSS)** | $269,049 | $518,797 | $467,816 | |
| **OTHER FEES/CHARGES:** | | | | |
| RECEIVER FEES | $151,583 | +255,120 | $99,437 | |
| DEFAULT INTEREST | $9,719 | $0 | $9,719 | |
| P.W. INTEREST | $17,159 | $0 | $17,159 | |
| **NET PROFIT/(LOSS)** | $100,388 | | $341,501 | |

**Northwoods at Rosewood**
**2007 Budgeted P&L**

Fianl
3/6/2007

|  | 2006<br>**BUDGET** | 2006<br>**Projected** | 2007<br>**Budget** |
|---|---|---|---|
| **OPERATING REVENUE** |  |  |  |
| PRIVATE | $701,971 | $377,235 | $438,985 |
| MEDICARE | 642,916 | 620,200 | 846,615 |
| MEDICAID | 3,363,030 | 4,062,824 | 4,147,951 |
| INSURANCE | 599,185 | 264,740 | 278,313 |
| CMI Adjustment |  |  | 0 |
| **TOTAL NET REVENUE** | 5,307,104 | 5,324,999 | 5,711,863 |
| OTHER INCOME: |  |  |  |
| PT. B - OTHER | 10,000 | 10,210 | 15,000 |
| OTHER | 20,000 | 9,984 | 10,000 |
|  | 30,000 | 20,194 | 25,000 |
| TOTAL REVENUE | $ 5,337,104 | $ 5,345,193 | $5,736,863 |
| TOTAL EXPENSES | 5,277,619 | 5,652,951 | 5,645,523 |
| **PROFIT/(LOSS) OPERATIONS** | $ 59,484 | $ (307,758) | $ 91,340 |
| Receiver fee |  |  | 234,375 |
| Default interest |  |  | 5,813 |
| Management fee |  |  | 11,438 |
| **PROFIT/(LOSS)** |  |  | $ (160,285) |

# BUDGET

## BOHASHIC, LLC. BUDGET

## ROSEWOOD GARDENS

| | ORIGINAL RECEIVER'S BUDGET | ADJUSTMENTS TO BUDGET | REVISED ADJUSTMENTS TO BUDGET | COMMENTS |
|---|---|---|---|---|
| **REVENUE:** | | | | |
| PRIVATE | $435,095 | $0 | $435,095 | |
| MEDICARE | $945,515 | $0 | $945,615 | |
| MEDICAID | $4,147,951 | $0 | $4,147,951 | |
| INSURANCE | $172,313 | $0 | $219,313 | |
| **TOTAL REVENUE** | $5,711,884 | $0 | $5,711,884 | |
| **OTHER INCOME:** | | | | |
| PART "B" - THERAPIES | $0 | $79,163 | $79,163 BILLING FOR PART "B" THERAPIES (6.17/DAY TIMES 16.69/DAY/YEAR) |
| PART "B" - PHYSICIAN | $0 | $0 | $0 | |
| PART "B" - OTHER | $15,000 | $0 | $15,000 | |
| OTHER MISCELLENOUS | $10,000 | $0 | $10,000 | |
| **TOTAL ALL REVENUE** | $5,736,884 | $79,163 | $5,816,027 | |
| **EXPENSES:** | | | | |
| NURSING ADMINISTRATION | $219,297 | -$26,470 | $192,827 REDUCTION OF SCHEDULER |
| NURSING - GERIATRIC | $2,185,349 | $0 | $2,185,349 | |
| STAFFING SERVICE | $12,550 | -$12,550 | $0 UNNECESSARY STAFF |
| PHYSICAL THERAPY | $74,834 | $0 | $74,834 | |
| OCCUPATIONAL THERAPY | $54,163 | $0 | $54,163 | |
| SPEECH THERAPY | $15,857 | $0 | $15,857 | |
| RESPIRATORY THERAPY | $17,281 | $0 | $17,281 | |
| PSYCHIATRIC CARE | $93,000 | $0 | $93,000 | |
| PHYSICIAN SERVICES | $0 | $0 | $0 | |
| PARENTERAL & ENTERAL SERVICES | $24,455 | $0 | $24,455 | |
| DENTAL SERVICES | $115,500 | $1,372 | $116,872 ADJUST TO CONTRACT AMOUNT |
| OTHER PATIENT SERVICES | $119,625 | $0 | $119,625 | |
| SOCIAL SERVICES | $171,440 | -$17,550 | $153,890 REDUCTION OF ADMISSIONS COORDINATOR |
| RECREATION THERAPY | $134,797 | $0 | $134,797 | |
| MEDICAL RECORDS | $15,248 | $0 | $15,248 | |
| PHARMACY | $172,230 | $0 | $172,230 | |
| DIETARY | $572,957 | $0 | $572,957 REDUCE TRAINING AIDE IN DINING ROOM |
| MAINTENANCE | $115,469 | $0 | $115,469 SNOW REMOVAL DONE BY STAFF - 13,300/ REDUCE FLOATER - 13,878 |
| LAUNDRY | $132,103 | $0 | $132,103 | |
| HOUSEKEEPING | $175,113 | $0 | $175,113 | |
| BUSINESS OFFICE | $193,144 | $0 | $193,144 | |
| UTILITIES & TAXES | $229,519 | $0 | $229,519 | |
| CLINICAL EVALUATION | $0 | $0 | $0 | |
| ADMINISTRATION | $149,915 | -$32,837 | $117,078 PROW ADV - 1,800 / DUES REDUCTION - 15,500 / REDUCE 17,544 RECEPTIONIST 8,237/ REDUCE ADMINISTRATION 13,200 |
| CONTROLLABLE ADMIN. EXPENSES | $197,332 | -$12,878 | $165,151 REDUCE PA TAXES ON REDUCED STAFF |
| NON-CONTROLLABLE ALLOCATED EXPENSES | $961,192 | -$43,723 | $958,148 REDUCTION OF CORPORATE STAFF |
| **TOTAL EXPENSES** | $5,645,537 | -$133,716 | $5,511,808 | |
| **PROFIT/ (LOSS)** | $91,342 | $152,876 | $244,221 | |
| **OTHER FEES/ CHARGES:** | | | | |
| RECEIVER FEES | $234,375 | -$139,750 | $105,605 RECEIVER/MANAGEMENT FEE |
| DEFAULT INTEREST | $15,813 | $0 | $15,813 | |
| P.I.K. INTEREST | $11,438 | $0 | $11,438 | |
| **NET PROFIT/(LOSS)** | -$160,284 | | $161,365 | |

Northwoods at Hilltop
2007 Budgeted P & L

# Final

3/6/2007

|  | 2006 BUDGET | 2006 ANNUAL | 2007 BUDGET |
|---|---|---|---|
| **OPERATING REVENUE** | | | |
| PRIVATE | $220,848 | $403,760 | $279,773 |
| MEDICARE | 3,434,835 | 3,320,680 | 3,749,094 |
| MEDICAID | 9,927,721 | 9,265,836 | 9,106,272 |
| INSURANCE | 1,636,595 | 2,171,836 | 3,102,500 |
| | | | |
| TOTAL NET REVENUE | 15,219,999 | 15,162,112 | 16,237,639 |
| **OTHER INCOME:** | | | |
| RECEIVERSHIP FEES | 50,000 | 43,750 | - |
| PT. B - PHYSICIANS | 44,000 | 35,003 | 40,000 |
| PT. B - OTHER | 10,000 | 10,497 | 10,000 |
| | 149,000 | 132,106 | 105,000 |
| **TOTAL REVENUE** | $15,368,999 | $15,294,218 | $16,342,639 |
| **TOTAL EXPENSES** | $14,808,281 | $15,482,301 | $15,813,520 |
| **PROFIT / (LOSS) from operations** | $560,718 | $ (188,083) | $529,118 |
| Receiver fee | | | 328,125 |
| GE Default interest | | | 8,138 |
| GE PIK interest | | | 16,013 |
| **Profit / (Loss) from operations** | | | $176,843 |

# BUDGET

## HILLTOP - NISKAYUNA

### BOHASHIC, LLC. BUDGET

| | ORIGINAL RECEIVER'S BUDGET | ADJUSTMENTS TO BUDGET | REVISED ADJUSTMENTS TO BUDGET | COMMENTS |
|---|---|---|---|---|
| **REVENUE:** | | | | |
| PRIVATE | $173,772 | $0 | $173,772 | |
| MEDICARE | $3,749,054 | $0 | $3,749,054 | |
| MEDICAID | $6,105,372 | $0 | $6,105,372 | |
| INSURANCE | $3,102,500 | $0 | $3,102,500 | |
| **TOTAL REVENUE** | **$13,237,630** | **$0** | **$13,237,630** | |
| **OTHER INCOME:** | | | | |
| PART "B" - THERAPIES | $0 | $19,192 | $19,192 | BILLING FOR PART "B" THERAPIES (119 DAYS/YEAR) (1 DAYS/YEAR) |
| PART "B" - PHYSICIAN | $40,000 | $0 | $40,000 | |
| PART "B" - OTHER | $10,000 | $0 | $10,000 | |
| OTHER MISCELLENOUS | $60,000 | $0 | $60,000 | |
| **TOTAL ALL REVENUE** | **$13,347,630** | **$19,192** | **$13,281,802** | |
| **EXPENSES:** | | | | |
| NURSING ADMINISTRATION | $517,920 | -$33,810 | $484,110 | REDUCTION OF ADMIN STAFF BY SHARING |
| NURSING - GERIATRIC | $1,425,559 | -$83,895 | $1,341,669 | REDUCTION OF 3.5 FTE'S STAFF |
| NURSING - ADULT T.B.I. | $1,191,692 | $0 | $1,191,692 | |
| NURSING - PEDIATRIC | $1,399,753 | $0 | $1,399,753 | REDUCTION OF 1 FACILITY COORDINATOR |
| NURSING - VENT | $1,095,874 | $0 | $1,095,874 | |
| STAFFING SERVICE | $22,952 | -$22,952 | $0 | 10 UNNECESSARY STAFF |
| NURSING OTHER COSTS | $170,236 | $0 | $170,236 | |
| ANCILLARY ADMINISTRATION | $71,356 | $0 | $71,356 | |
| PHYSICAL THERAPY | $436,487 | -$43,153 | $493,334 | REDUCTION OF 1 PHYSICAL THERAPY AIDE |
| OCCUPATIONAL THERAPY | $330,221 | -$43,158 | $181,182 | REDUCTION OF 1 CERTIFIED OCCUPATIONAL THERAPY AIDE |
| SPEECH THERAPY | $223,081 | -$43,519 | $179,561 | REDUCTION OF 1 SPEECH THERAPIST |
| RESPIRATORY THERAPY | $713,844 | -$287,545 | $426,299 | RESPIRATORY THERAPIST'S (12 FACILICED) NURSING STAFF (3 PEDIATRIC & VENT UNIT) |
| PHYSICIAN CARE | $103,904 | $0 | $103,904 | |
| PHYSICIANS SERVICES | $460,022 | $0 | $460,022 | |
| PARENTERAL & ENTERAL SERVICES | $19,557 | $0 | $19,557 | |
| DENTAL SERVICES | $19,459 | -$644 | $23,659 | ADJUST TO CONTRACT AMOUNT |
| OTHER PATIENT SERVICES | $10,933 | $0 | $10,933 | |
| SOCIAL SERVICES | $153,070 | $0 | $153,070 | |
| RECREATION THERAPY | $107,612 | $0 | $107,612 | |
| MEDICAL RECORDS | $67,242 | $0 | $67,242 | |
| CENTRAL SUPPLY | $29,704 | $0 | $29,704 | |
| PHARMACY | $318,984 | $0 | $318,984 | |
| DIETARY | $569,975 | $0 | $569,975 | |
| MAINTENANCE | $177,496 | -$12,396 | $165,101 | REDUCTION OF MAINTENANCE ASSISTANT & $12,346 INCREASE IN DIRECTOR SALARY & $12,000 |
| LAUNDRY | $157,214 | $0 | $157,214 | |
| HOUSEKEEPING | $246,502 | $0 | $246,502 | |
| BUSINESS OFFICE | $113,979 | $0 | $113,979 | |
| UTILITIES & TAXES | $175,912 | $0 | $175,912 | |
| CLINICAL EVALUATORS | $108,736 | -$64,843 | $51,313 | ALLOCATED COSTS TO RELATED ACTIVITY (OLDER AND CENTER) |
| ADMINISTRATION | $351,138 | $17,174 | $719,372 | OVERSIGHT, $1,926 MEDICARE ADMINISTRATION $13,246 FEDRACE CONF & WORKSHOPS $17,500 |
| CONTROLLABLE ADMIN EXPENSES | $326,601 | -$109,109 | $167,200 | REDUCTION OF 4 TAXES, OVERIDENTED STAFF |
| NON-CONTROLLABLE ALLOCATED EXPENSES | $13,006,224 | $67,256 | $12,525,268 | REDUCTION OF CORPORATE STAFF |
| **TOTAL EXPENSES** | **$13,118,412** | **$173,282** | **$11,972,467** | |
| **PROFIT/(LOSS)** | **$529,217** | **$173,282** | **$1,341,335** | |
| **OTHER FEES/CHARGES:** | | | | |
| RECEIVER FEES | $374,723 | -$239,250 | $63,105 | REVISED NEW RECEIVER'S FEE |
| DEFAULT INTEREST | $98,308 | $0 | $8,138 | |
| P/A INTEREST | $10,013 | $0 | $10,013 | |
| **NET PROFIT/(LOSS)** | **$176,841** | | **$1,276,200** | |