r

**SO ORDERED.**

**SIGNED this 17 day of August, 2007.**

　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**ROBERT E. LITTLEFIELD, JR.**
　　　　　　　　　　　　　　　**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　　　　　　: 　Case No. 07-11068 (REL)
　　　　　　　　　　　　　　　　　　　　　　　　　:
HIGHGATE LTC MANAGEMENT, LLC, et al.　:　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　(Jointly Administered)
　　　　　　　　　　　　　　　　　Debtors.　　:
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE
TO ESTABLISH PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES OF PROFESSIONALS</u>**

Upon consideration of the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee"), dated July 25, 2007, for an order, pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), establishing procedures for monthly compensation and reimbursement of expenses of professionals, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Northern District of New York, (ii) the Chapter 11 Trustee appointed in these cases (the "Trustee"), (iii) attorneys for General Electric Capital Corporation, (iv) attorneys for the Receiver, and (v) all other persons that have requested notice of copies of pleadings in these cases, and no other or further notice need be provided; and the Court having conducted a hearing on August 15, 2007 (the "Hearing") to consider approval of the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED,** that the Motion is granted in its entirety; and it is further

**ORDERED,** that except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all professionals in these cases required to file fee applications with this Court other than the Trustee but including the Trustee's professionals ("Fee Application Professionals") may seek monthly compensation in accordance with the following procedures:

(a) On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Fee Application Professional seeking compensation will serve a monthly statement, by hand or overnight delivery on

(i) <u>U.S. Trustee</u>

Kim F. Lefebvre, Esq.
Kevin Purcell, Esq.
Office of the United States Trustee
Northern District of New York
74 Chapel Street, Suite 200
Albany, New York  12207

2

(ii) Chapter 11 Trustee

    Mark I. Fishman, Esq.
    Neubert, Pepe & Monteith, P.C.
    195 Church Street
    New Haven, Connecticut 06510

(iii) Attorneys for GECC

    Leslie A. Berkoff, Esq.,
    Moritt Hock Hamroff & Horowitz LLP
    400 Garden City Plaza
    Garden City, New York 11530

(iv) Attorneys for the Committee

    Ted A. Berkowitz, Esq.
    Louis A. Scarcella, Esq.
    Farrell Fritz, P.C.
    1320 Reckson Plaza
    Uniondale, New York 11556-1320

(v) Attorneys for the Receiver

    Robert A. White, Esq.
    Murtha Cullina LLP
    CityPlace I
    185 Asylum Street, 29th Floor
    Hartford, CT 06103

(b) The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), and because Fee Application Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules;

(c) Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional shall seek reimbursement

3

of an expense which would otherwise not be allowed pursuant to Local Rule 2016-1(c) or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) Each person receiving a statement will have at least fifteen (15) days after service to review such statement and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the fortieth (40th) day following the month for which compensation is sought, serve upon the Fee Application Professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the forty (40) day period, the Receiver shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

(f) If the Receiver receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g) If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Receiver shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (See paragraph (j), below);

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, but no more than every 150 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested;

(k) Any Fee Application Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Motion when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals; and

(n) The attorneys for the Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Fee Application Professionals, collect and submit statements of expenses (excluding individual committee members' professional fees and expenses), with supporting evidence of payment, from members of the Committee he or she represents.

and it is further

**ORDERED,** that, if this Order is entered on or before August 25, 2007, each Fee Application Professional whose retention has been approved by the Court may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of such professional's retention or the Petition Date (whichever is later) through July 31, 2007 or August 31, 2007 if this Order is entered later than August 25, 2007; and it is further

**ORDERED,** that the Trustee shall include all payments to professionals on his monthly operating reports, detailed so as to state the amount paid to each professional; and it is further

**ORDERED,** that any payments made pursuant to the terms of subparagraph e hereof shall not exceed the monthly budgeted amounts set forth for each Fee Application Professional in the budgets affixed to the Final Order Authorizing The Debtors To: (A) Borrow Money Pursuant To Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), And 364(e) Of The Bankruptcy Code; And (B) Use Cash Collateral On A Consensual Basis And (C) Granting Adequate Protection And Related Relief Pursuant To Sections 105, 361, And 363 Of The Bankruptcy Code, dated May 14, 2007 as amended (collectively, the "Financing Order"); and it is further

**ORDERED**, that nothing contained herein shall be deemed to modify or alter the terms of the Financing Order and/or any limitations contained therein on amount of compensation and the priority of any claims by Fee Application Professional for compensation as addressed therein; in the event of any inconsistency between the terms of the Financing Order and this Order, the terms of the Financing Order will control the competing rights and priorities of General Electric Capital Corporation and the Fee Application Professionals to compensation; and it is further

**ORDERED,** that any party may object to requests for payments made pursuant to this Order on the grounds that (i) the Trustee has not timely filed monthly operating reports; (ii) administrative expenses and 28 U.S.C. § 1930 fees have not remained current; or (iii) a manifest exigency exists, by seeking a further order of this Court; otherwise, this Order shall continue and shall remain in effect during the pendency of these cases; and it is further

**ORDERED,** that any party in interest, or the United States Trustee, may seek reconsideration of this Order, insofar as it applies prospectively, in the event of an adverse change in the liquidity of the Debtors, or for other cause shown; and it is further

**ORDERED,** that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Bankruptcy Rules; and it is further

**ORDERED,** that the requirement pursuant to Local Rule 9013-1 that the Committee file a memorandum of law in support of the Motion is hereby waived.

###

FFDOCS1\759994.03