r

**SO ORDERED.**

**SIGNED this 28 day of August, 2008.**

 

_____
**ROBERT E. LITTLEFIELD, JR.
UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — X
In re:                                                                  Chapter 11

HIGHGATE LTC MANAGEMENT, LLC,                  Case No. 07-11068 (REL)

        Debtors.                       Jointly Administered
— — — — — — — — — — — — — — — — — — — — — X

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 363 AND
FED. R. BANKR. P. 2002 AND 6004 AUTHORIZING AND
APPROVING THE SALE OF ASSETS, FREE AND CLEAR OF
LIENS AND OTHER ENCUMBRANCES,
<u>TO SUCCESSFUL BIDDER(S) AT AUCTION</u>**

  Upon the motion (the "<u>Motion</u>")[1] of Mark I. Fishman, Esq., the Chapter 11 Trustee (the "<u>Trustee</u>") of the estates of Highgate LTC Management, LLC and Highgate Manor Group LLC (collectively, the <u>Debtors</u>") for an order, under Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002 and 6004, authorizing and approving the proposed sale of substantially all of the assets (the "<u>Purchased Assets</u>") of the Debtors to Oasis HC, LLC, a New York limited liability company (the "<u>Purchaser</u>"), pursuant to that certain Asset Purchase Agreement, dated August 12, 2008, a copy of which is attached hereto as *Exhibit A* (the "<u>Purchase Agreement</u>"); the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Purchase Agreement.

Court having considered the Motion and the Purchase Agreement, objections thereto, the statements of counsel and the Trustee on the record at the hearing on August 13, 2008 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their bankruptcy estates, their creditors and other parties-in-interest; and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]

    **A.**     **Jurisdiction and Venue.** This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

    **B.**     **Statutory Predicates.** The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002 and 6004.

    **C.**     **Notice.** As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, and sufficient notice of the Motion, the Auction, the Sale Hearing and the transactions set forth in the Purchase Agreement (the "Transaction") has been provided in accordance with Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002 and 6004; and (ii) no other or further notice of the Motion, the Auction, the Sale Hearing or the Transaction is or shall be required.

    **D.**     **Opportunity to Object.** A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (i) counsel for the Creditors' Committee; (ii) counsel for General Electric Capital Corporation; (iii) counsel for the

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

Debtors; (iv) the Office of the United States Trustee; (v) any parties who have timely filed requests for notice under Bankruptcy Rule 2002 or who are entitled to notice under any case management procedures order, if any, entered in these chapter 11 cases prior to the mailing deadline; (vi) all persons or entities known to be asserting liens upon the Purchased Assets; (vii) counsel for the Receiver; (viii) the United States Attorney's Office; (ix) the Office of the Attorney General (Nancy Hershey Lord, Esq.), as counsel to the Department of Health; (x) the Internal Revenue Service, the New York State Department of Taxation and Finance and the applicable local real estate taxing authorities; (xi) all persons or entities who can reasonably be identified, on the basis of information currently practicably available, as having expressed an interest in acquiring the Purchased Assets within the last six months; (xii) all known creditors of the Debtors; and (xiii) all persons or entities known to hold an equity interest in the Debtors as of June 24, 2008. A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given.

E. **Trustee Authority.** The Trustee has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Trustee to consummate the transactions contemplated therein.

F. **Sale in Best Interests.** Good and sufficient reasons for approval of the Purchase Agreement and the Transaction have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

G. **Business Justification.** The Trustee has demonstrated both (i) good and sufficient business purposes and (ii) compelling circumstances for the Transaction outside the ordinary course of business under Bankruptcy Code section 363(b) before confirmation of a plan of

reorganization in that, among other things, the immediate consummation of the Transaction with the Purchaser is necessary and appropriate to maximize the value of the Debtors' estates. Entry of an order approving the Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummating the Transaction.

**H.     Arm's-Length Sale.** The Purchase Agreement was negotiated, proposed and entered into by the Trustee and the Purchaser without collusion, in good faith and from arm's-length bargaining positions. The Purchaser is not an "insider" of the Debtors, as that term is defined in Bankruptcy Code section 101 (31). Neither the Trustee nor the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, the Purchaser has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

**I.     Good Faith Purchaser.** The Purchaser is a good faith purchaser of the Purchased Assets within the meaning of Bankruptcy Code section 363(m) and, is therefore entitled to all of the protections afforded thereby. The Purchaser has proceeded in good faith in all respects in connection with this proceeding in that: (a) Purchaser recognized that the Trustee was free to deal with any other party interested in acquiring the Purchased Assets; (b) Purchaser complied with the provisions in the Bid Procedures Order; (c) Purchaser agreed to subject its bid to the competitive bidding procedures set forth in the Bid Procedures Order entered on July 14, 2008.

**J.     Highest and Best Offer.** The Trustee conducted the Auction in accordance with, and has otherwise complied in all respects with, the Bid Procedures Order. The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner in accordance with the Bid Procedures Order and a reasonable opportunity was given to any interested party to make a higher or otherwise better offer for the Purchased Assets. The Purchase Agreement constitutes the

4

highest or otherwise best offer for the Purchased Assets, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Trustee's determination that the Purchase Agreement constitutes the highest and/or otherwise best offer for the Purchased Assets constitutes a valid and sound exercise of the Trustee's business judgment.

> **K.** **Consideration.** The consideration under the Purchase Agreement constitutes reasonably equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and Section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Purchase Agreement represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of these chapter 11 cases. No other person or entity or group of entities, other than the Purchaser, has offered to purchase the Purchased Assets for an amount that would give greater economic value to the Debtors' estates. Approval of the Motion and the Purchase Agreement and the consummation of the Transaction is in the best interests of the Debtors, their creditors, their estates and all other parties in interest.

> **L.** **Free and Clear.** The Debtors are the sole and lawful owner of the Purchased Assets. The transfer of the Purchased Assets to the Purchaser under the Purchase Agreement will be a legal, valid, and effective transfer of the Purchased Assets, and vests or will vest the Purchaser with all right, title, and interest of the Debtors to the Purchased Assets free and clear of all Liens, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances or interests of any kind or nature whatsoever (collectively, the "Encumbrances"), provided that nothing herein shall be deemed to govern the transfer of the Debtors' Medicare Provider Agreements to the Purchaser or to affect, impair or restrict any Federal or State governmental unit from pursuing its police or

regulatory enforcement action to the extent allowed under the Bankruptcy Code against any person or entity (collectively "Police and Regulatory Actions"). All Encumbrances shall attach to the proceeds ultimately attributable to the property against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances, with the same validity, force and effect, and in the same order of priority, which such Encumbrances now have against the Purchased Assets or their proceeds, subject to any rights, claims and defenses which the Debtors or their estates, as applicable, may possess with respect thereto. The transfer of the Purchased Assets is not free and clear of any obligations incurred by the Substitute Receiver under the Order Appointing Substitute Receiver, as defined herein.

  **M.**  **Free and Clear Findings Needed by Purchaser**. Purchaser asserts that it would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the sale of the Purchased Assets to the Purchaser was not free and clear of all Encumbrances of any kind or nature whatsoever, except as set forth herein, or if the Purchaser would, or in the future could, be liable for any of the Encumbrances.

  **N.**  **No Liability Findings Needed by Purchaser**. Purchaser asserts that it will not consummate the transactions contemplated by the Purchase Agreement unless the Purchase Agreement specifically provides, and the Bankruptcy Court specifically orders, that none of Purchaser or its affiliates, members or shareholders or the Purchased Assets will have any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, or to any Encumbrance or any claim not otherwise assumed under the Purchase Agreement, the Order Appointing Substitute Receiver, as defined herein, or this Order.

**O.     Satisfaction of 363(f) Standards**.  The Trustee may sell the Purchased Assets free and clear of any Encumbrances of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Each entity with an Encumbrance in or on the Purchased Assets to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Order, consented to the Transaction or is deemed to have consented to the Transaction; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Encumbrance; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those holders of Encumbrances who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code section 363(f)(2). All holders of Encumbrances are adequately protected by having their Encumbrances attach to the proceeds ultimately attributable to the property against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances, with the same validity, force and effect, and in the same order of priority, which such Encumbrances now have against the Purchased Assets or their proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

**P.     No Fraudulent Transfer.** The Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither Trustee nor Purchaser is fraudulently entering into the transactions contemplated by the Purchase Agreement.

**Q.     Not a Successor.** Purchaser does not have a common identity of incorporators, directors or equity holders with any of the Debtors.  Except as expressly provided in the order to be entered by the state court appointing the Purchaser or Receivership Designee  as Substitute

Receiver (the "Order Appointing Substitute Receiver") or in the Purchase Agreement, or in any Order approving the assumption and assignment of the Debtors' Medicare Provider Agreements to the Purchaser, transfer of the Purchased Assets to Purchaser does not and will not subject Purchaser to any liability with respect to the operation of the Debtors' businesses before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

R. **Personally Identifiable Information.** The Transaction may include the transfer of personally identifiable information, as defined in Bankruptcy Code section 101(41A). No consumer privacy ombudsman need be appointed under Bankruptcy Code section 363(b)(l) or otherwise because Purchaser has agreed to adhere to any privacy policies applicable to the Debtors.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. **Motion is Granted.** The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2. **Objections Overruled.** Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits and with prejudice.

3. **Approval.** The Purchase Agreement and all of the terms and conditions thereto are hereby approved. The Trustee is hereby authorized and directed to (1) execute the Purchase Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Purchase Agreement, provided that such additional documents do not materially change its terms; (2) consummate the Transaction in accordance with the terms

and conditions of the Purchase Agreement and the instruments to the Purchase Agreement contemplated thereby; and (3) take all other and further actions as may be reasonably necessary to implement the Transaction.

4. **Free and Clear.** Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement or this Order or the Order Appointing Substitute Receiver, pursuant to Bankruptcy Code sections 105(a) and 363(f), the Trustee is authorized and directed to transfer the Purchased Assets to the Purchaser and, as of the Closing Date, the Purchaser shall take title to and possession of the Purchased Assets free and clear of all Encumbrances, with all such Encumbrances to attach to the proceeds ultimately attributable to the property against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances, with the same validity, force and effect, and in the same order of priority, which such Encumbrances now have against the Purchased Assets or their proceeds, subject to any rights, claims and defenses which the Debtors or their estates, as applicable, may possess with respect thereto. GECC's liens and claims ("GECC Claim") shall attach as a first priority lien, properly perfected and unavoidable (subject only to real property taxes and to certain limited challenges as set forth in the Stipulation and Order Further Modifying and Extending the Terms of the Final Order Authorizing the Debtors to: (A) Borrow Money and (B) Use Cash Collateral on a Consensual Basis and Certain Related Deadlines entered by this Court on August 6, 2008,) upon the proceeds of the Transaction, senior to all other Encumbrances. In addition to the terms of the professional carveouts in prior orders of the Court, GECC, as senior lienor and mortgage holder, has agreed to carve out from its first priority Lien in the proceeds of the Transaction: (a) an amount necessary to pay all closing costs associated with the Transaction and has discussed funding a payment to be distributed by agreement between the Trustee and the Committee, to the

estates and/or a litigation trust, subject to Court approval; and (b) the Sale Carve Out as defined in the DOH Settlement Stipulation.

5. **Valid Transfer.** As of the Closing Date, (a) the Transaction effects a legal, valid, enforceable and effective sale and transfer of the Purchased Assets to Purchaser, and shall vest Purchaser with title to such assets free and clear of all Encumbrances (except as otherwise set forth herein) and (b) this Purchase Agreement, the Transaction and the instruments contemplated hereby shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors and their estates.

6. **Injunction.** Except as expressly permitted by the Purchase Agreement or by this Order or the Order Appointing Substitute Receiver, all persons and entities, including, but not limited to, the Debtors, employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, lessors and other parties in possession of any of the Purchased Assets at any time, trade creditors and all other creditors holding Encumbrances of any kind or nature whatsoever against or in the Debtors or in the Debtors' interests in the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets or the operation of the Debtors' business before the Closing Date or with respect to any Encumbrances arising out of or related to the Transaction, shall be and hereby are forever barred, estopped and permanently enjoined from asserting against Purchaser, its property, its successors and assigns, or the Purchased Assets any such Encumbrances in or on the Purchased Assets. Following the Closing Date, no holder of an Encumbrance shall interfere with

Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to such Encumbrance, or any actions that the Debtors may take in their chapter 11 cases.

7. **Release of Encumbrances.** Except as otherwise provided in this Order, and except for all Police and Regulatory Actions, this Order (a) shall be effective as a determination that, on the Closing Date, all Encumbrances of any kind or nature whatsoever existing as to the Debtors or the Purchased Assets prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transaction.

8. **Direction to Release Encumbrances.** (a) On the Closing Date, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Encumbrances in the Purchased Assets, if any, as such Encumbrances may have been recorded or may otherwise exist. (b) If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Encumbrances in the Debtors or the Purchased Assets shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the

appropriate parties, termination statements, instruments of satisfaction, releases of all Encumbrances which the person or entity has with respect to the Debtors or the Purchased Assets or otherwise, then (i) the Trustee is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Debtors or the Purchased Assets and (ii) Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Encumbrances in the Debtors or the Purchased Assets of any kind or nature whatsoever.

9. **No Successor Liability.** Neither Purchaser nor its affiliates, successors or assigns shall, as a result of the consummation of the Transaction: (a) be a successor to the Debtors or their estates; (b) have, de facto or otherwise, merged or consolidated with or into the Debtors or their estates; or (c) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. Except for the Assumed Liabilities, as defined in the Purchase Agreement or as expressly permitted or otherwise specifically provided for in the Purchase Agreement or this Order or the Order Appointing Substitute Receiver, the transfer of the Purchased Assets to Purchaser under the Purchase Agreement shall not result in (i) Purchaser, its affiliates, members, or shareholders, or the Purchased Assets, having any liability or responsibility for any claim against the Debtors or against an insider of the Debtors, (ii) Purchaser, its affiliates, members, or shareholders, or the Purchased Assets, having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Encumbrances, or (iii) Purchaser, its affiliates, members, or shareholders, or the Purchased Assets, having any liability or responsibility to the Debtors except as is expressly set forth in the Purchase Agreement.

10. **Assignment of Provider Agreements.** Notwithstanding anything to the contrary herein, in the event the Purchaser accepts assignment of Debtors' Medicare Provider Agreements, nothing in this Order shall be construed as authorizing or approving the transfer of Debtors' Medicare Provider Agreements to the Purchaser free and clear of successor liability for debts arising prior to the Closing Date nor as enjoining or affecting any right of the United States of America Department of HHS and/or CMS or their agents to setoff or recoup from the Purchaser any Medicare debts which may be determined and which arise out of the Debtors' operation of the business prior to the Closing Date. The transfer of such Provider Agreements to the Purchaser is subject to further order of this Court.

11. **Order Appointing Substitute Receiver; Pre-Closing Date Operation of Debtors' Business.** Upon receipt of DOH's approval of the Substitute Receiver, GECC shall seek entry of the Order Appointing Substitute Receiver substituting Purchaser or the Receivership Designee as the receiver ("Substitute Receiver") substantially in form annexed as Exhibit 1 to the Purchase Agreement. The Order Appointing Substitute Receiver shall, among other things, provide that the Substitute Receiver shall immediately assume the obligation to operate the Facilities, to meet all funding obligations necessary to continue the operation of the Facilities through the Closing Date, and prepare any requisite state and federal tax return of the estates for each and every year in which Substitute Receiver operates the Facilities all in accordance with and subject to the Order Approving Substitute Receiver.

12. **Lock Box**. Upon the entry of the Order Appointing Substitute Receiver, the Substitute Receiver shall be deemed to have replaced The Long Hill Alliance Company and/or the Debtors as signatory and responsible person on the Lock Box currently maintained by

Citizens Bank for the Debtors' operating account, without the need for any further Order of this Court.

13. **Binding on Successors.** The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon the Debtors, their estates, all creditors of (whether known or unknown) and holders of equity interests in, any Debtor, Purchaser and its respective affiliates, successors, designees and assigns, and any affected third parties, including, but not limited to, all persons asserting Encumbrances in the Purchased Assets, notwithstanding any subsequent appointment of any trustee of the Debtors under chapter 7 of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding. This Order and the Purchase Agreement shall inure to the benefit of the Debtors, their estates, their creditors, the Purchaser and their respective successors and assigns.

14. **Bankruptcy Code Section 363(n).** Purchaser is acting and has acted without collusion and in good faith and the consideration provided by Purchaser for the Purchased Assets under the Purchase Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

15. **Good Faith.** Because Purchaser is acting and has acted without collusion and in good faith, as that term is used in Bankruptcy Code section 363(m), the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction with Purchaser, unless such authorization is duly stayed pending such appeal. Purchaser is a good faith purchaser of the Purchased Assets, and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

16. **Fair Consideration.** The consideration provided by the Purchaser to the Debtors pursuant to the Purchase Agreement for its purchase of the Purchased Assets constitutes

reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

17. **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to Purchaser; (b) compel delivery of the Purchase Price or performance of other obligations owed to the Trustee; (c) interpret, implement and enforce the provisions of this Order and the Purchase Agreement; and (d) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction.

18. **Surrender of Possession.** All entities that on the Closing Date may be in possession of some or all of the Purchased Assets in which the Debtors hold an interest hereby are directed to surrender possession of the Purchased Assets to Purchaser on the Closing Date.

19. **Sale Proceeds.** Any and all valid and perfected Encumbrances in Purchased Assets of the Debtors shall attach to any proceeds of such Purchased Assets immediately upon receipt of such proceeds by the Debtors (or any party acting on the Debtors' behalf) in the order of priority, and with the same validity, force and effect which they now have against such Purchased Assets, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto, and, in addition to any limitations on the use of such proceeds pursuant to any provision of this Order, except as required by this Order or the Purchase Agreement, no proceeds subject to an asserted Encumbrance shall be used or disbursed by the Trustee or

Debtors without the express consent of the party or parties asserting an Encumbrance therein or further order of the Court after notice (to all parties who have asserted an Encumbrance in such proceeds) and a hearing, consistent with the requirements of the Bankruptcy Code.

20. **Non-material Modifications.** The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

21. **Subsequent Plan Provisions.** Nothing contained in any chapter 11 plan confirmed in the Debtors' cases or any order confirming any such plan or in any other order in these chapter 11 cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the Purchase Agreement or this Order.

22. **Failure to Specify Provisions.** The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Purchase Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

23. **No Stay of Order.** Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall not be stayed for ten days after the entry hereof, but shall be effective and

enforceable immediately upon issuance hereof. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

24. **Preservation of Certain Records.** The Debtors' estates will retain or have reasonable access to their books and records to administer their bankruptcy cases.

25. **Cooperation with Administration of the Estate.** The Purchaser and any transferred employees shall cooperate with all reasonable requests of the Trustee and provide any information or documentation reasonably necessary to enable the Trustee to administer the estates and to reconcile claims.

26. **Further Assurances.** From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Transaction.

27. **Excluded Assets.** Nothing contained in the Purchase Agreement or this Order shall be deemed to sell, transfer, assign or convey the Excluded Assets to Purchaser and the Debtors' estates shall retain all right, title and interest to, in and under the Excluded Assets.

28. **Prior Orders.** To the extent applicable, necessary, and appropriate, Orders previously entered in these cases which provided relief to the Receiver shall be deemed applicable to the Purchaser or its designee as Substitute Receiver.

29. **Severance; Employee Benefits.** Consummation of the Transaction shall not give rise to any claims for severance against the Debtors' estates or trigger any other employee benefit not otherwise payable in the ordinary course with respect to any employee of the Debtors, the Receiver or the Substitute Receiver whose employment is continued by Purchaser after Closing.

30. For the avoidance of doubt, Purchaser and Operating Designee shall be liable for any obligations of the Substitute Receiver under the Order Appointing Substitute Receiver or otherwise which have not been satisfied by the Substitute Receiver, including, but not limited to, any operational deficiencies at the facilities not corrected by the Substitute Receiver. Nothing contained in this Order shall in any way limit the rights of the DOH in connection with its process relating to the CON Application or its process relating to an application or applications for the Requisite Approvals, except as otherwise limited by the DOH Settlement Stipulation. In the event of any conflict between this Order and the Order Appointing Substitute Receiver, the Order Appointing Substitute Receiver shall control.

###