r

**SO ORDERED.**

**SIGNED this 16 day of September, 2009.**

_____
**ROBERT E. LITTLEFIELD, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

       Highgate LTC Management, LLC,

                             Debtor(s)
-----------------------------------------------------------x

Case No. 07-11068

(Chapter 11)

## ORDER APPROVING FIRST INTERIM APPLICATION OF COMPENSATION FOR SERVICES AND REIMBURSMENT FOR EXPENSES TO THE PATIENT CARE OMBUDSMAN

      Edie M. Sennett, Patient Care Ombudsman for the debtor ("Patient Care Ombudsman") having moved before this Court, pursuant to 11 U.S.C. §330, seeking a first interim approval and allowance of fees and expenses for services rendered during the period of April 19, 2007 through August 28, 2008.

**NOW,** upon reading and filing the Notice of Hearing to Consider First Interim Application For Approval And Allowance Of Compensation For Services And Reimbursement For Expenses To Patient Care Ombudsman, dated August 31, 2009 and the First Interim Application For Approval And Allowance Of Compensation For Services And Reimbursement For Expenses To Patient Care Ombudsman by Edie M. Sennett, dated August 27, 2009 (the "Application") in support of the award requested; and upon reading and filing the Statement of No Objection by the United States Trustee to the Application, dated September 8, 2009; and upon due deliberation of the Court, it is hereby

ORDERED, that the Application is hereby granted as set forth herein; and it is further

ORDERED, that pursuant to 11 USC §330, Edie M. Sennett is awarded a first interim allowance of fees in the amount of $29,315.00 and expenses in the amount of $1,336.26 in connection with her serving as Patient Care Ombudsman herein;

ORDERED that the Substitute Receiver will pay the amount awarded the Patient Care Ombudsman in this order from the monthly "positive cash flow" (as that term is defined in the Rider to the Order Appointing Substitute Receiver dated November 3, 2008) generated by the operation of the Highgate facilities, up to the amounts authorized in the budget (Exhibit A) attached to the Stipulation and Order Modifying and Extending the Terms of the Final Order Authorizing the Debtors to: (A) Borrow Money and (B) Use Cash Collateral on a Consensual Basis and Certain Related Deadlines entered by the Court on September 8, 2009 [Docket No. 904] or in such additional amounts agreed to by GECC.

ORDERED, that this award does not prejudice Edie Sennett from seeking additional compensation for future services and expenses upon proper application.

###