RECEIVED & FILED

JAN 12 2010

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

HIGHGATE LTC MANAGEMENT, LLC, et al.

Debtors.
----------------------------------------------------------x

Chapter 11

Case No. 07-11068 (REL)

(Jointly Administered)

## ORDER AUTHORIZING PREMIUM FINANCING AGREEMENT WITH PREMIUM FINANCING SPECIALISTS, INC.

Upon the motion (the "Motion") of Mark I. Fishman, Chapter 11 Trustee ("Trustee"), and EF Consulting, LLC as Receiver ("Receiver"), for authority pursuant to 11 U.S.C. §364(c) to enter into a certain proposed Premium Finance Agreement (the "Agreement") with Premium Financing Specialists, Inc ("PFS"), and the Court having found that service of the Motion and notice of the Motion were provided in compliance with Fed. R Bankr. P. 4001(c) and were in all respects adequate under 11 US C §102(1), that there are insufficient funds to pay for the insurance coverage to which the Agreement pertains in the ordinary course of business under 11 U.S.C. §364(a), and, after reasonable effort, unsecured debt to pay for such coverage under 11 U.S.C. §364(b) is unavailable, and that PFS proposes to extend financing pursuant to the Agreement in good faith within the meaning of 11 U S C §364(e), and other good cause appearing therefor, it is ORDERED and ADJUDGED that:

1. The Motion is granted and the Receiver is hereby authorized to enter into the Agreement, a copy of which is annexed hereto and made a part hereof.

2. The Receiver is hereby authorized and directed to pay PFS all sums due, or to become due, pursuant to the Agreement.

3. The Receiver is hereby authorized and directed to grant to PFS liens and security interests, and such liens and security interests are hereby granted, in (a) the unearned or return premiums and dividends which may become payable under the insurance policies identified in the Agreement, pursuant to 11 U,S,C §364(c)(2), and (b) loss payments to the extent they reduce the unearned premiums, subject to any mortgage or loss payee interests, pursuant to 11 U.S..C §364(c)(2) (collectively, the unearned or returned premiums and dividends and the loss payments are referred to hereinafter as the "Collateral"). The liens and security interests of PFS shall at all times be senior to the rights of the estate in this or any subsequent proceeding under the Bankruptcy Code and to the rights of any other person or entity claiming a security interest in the

Collateral, except, with respect to any loss payments which reduce the unearned premiums, the rights of mortgagees or other loss payees.

4.  PFS's liens and security interests in the Collateral are, and for all purposes shall be deemed to be, duly perfected, and no notice, filing, recordation or other act in accordance with any applicable local, state, federal or common law statute, rule or regulation shall be necessary to create, perfect or enforce such liens and security interests.

5.  The full rights of PFS pursuant to the Agreement and controlling state law shall be, and the same hereby are, fully preserved and protected and are and shall remain unimpaired by the pendency of this or any subsequent proceeding under the Bankruptcy Code or the conversion of the case to a case under Chapter 7 of the Bankruptcy Code.

6.  In the event of a default upon any of the terms of the Agreement without cure within the time period provided therein, PFS may, without moving for relief from the automatic stay of 11 U.S.C. §362 and without further order of this Court, exercise such rights as it would have under state law but for the pendency of this proceeding, cancel all insurance policies identified in the Agreement or any amendment thereto, including any substitute or replacement policies which may be purchased after the date of this order, and receive and apply all unearned or return insurance premiums or dividends, and, subject to the interests of mortgagees or other loss payees, all loss payments which reduce such unearned premiums.

xxxx

JAN 1 2 2010

SO ORDERED

_____
Chief U.S. Bankruptcy Judge