RECEIVED

AUG 31 2010
OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

RECEIVED & FILED

AUG 31 2010

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :    Chapter 11
                                                              :
HIGHGATE LTC MANAGEMENT, LLC                                  :
                                                              :    Case No. 07-11068 (REL)
                                                              :    (Jointly Administered)
                                                              :
                         Debtor.                              :
                                                              :
------------------------------------------------------------- x

**STIPULATION AND ORDER, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, AUTHORIZING ASSUMPTION AND ASSIGNMENT OF MEDICARE PROVIDER AGREEMENTS FROM THE DEBTOR TO OASIS HC, LLC'S ASSIGNEES**

This Stipulation and Order sets forth the terms upon which Highgate LTC Management, LLC (the **"Debtor"**), as debtor and debtor-in-possession; Oasis HC, LLC (**"Oasis"**), as Purchaser pursuant to the Purchase Agreement, dated August 12, 2008; Cortland Operating Co., LLC, Niskayuna Operating Co., LLC, Rensselaer Operating Co., LLC and Troy Operating Co., LLC, as assignees (**"Assignees"**) of Oasis's rights under the Purchase Agreement; and the United States Department of Health and Human Services (**"HHS"**) (collectively, the **"Parties"**), have agreed for the Debtor to assume and assign the Provider Agreements (as identified below) to Assignees, and for provision of the appropriate cure, pursuant to 11 U.S.C. § 365.

## RECITALS

**WHEREAS:**

A. On April 26, 2007 (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued to operate

the businesses and manage the property and assets as Debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. HHS's Centers for Medicare and Medicaid Services ("**CMS**") is responsible for the administration of the Medicare program established under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ccc. Part A of the Medicare Act provides medical insurance coverage for hospital and skilled nursing care. Part B provides a voluntary program of supplemental medical insurance covering expenses such as physician services, x-rays, outpatient services and medical supplies.

C. Debtor owns certain skilled nursing facilities ("**SNFs**") that participate in the Medicare program under separate agreements with the Secretary of HHS (the "**Provider Agreements**"). The provider numbers associated with each of the Provider Agreements are as follows:

| Provider | Medicare Provider Number |
|---|---|
| Northwoods Rehabilitation and Extended Care Facility at Troy | 33-5377 |
| Northwoods Rehabilitation and Extended Care Facility at Cortland | 33-5392 |
| Northwoods Rehabilitation and Extended Care Facility at Hilltop | 33-5701 |
| Northwoods Rehabilitation and Extended Care Facility at Rosewood Gardens | 33-5693 |

D. As Medicare providers, Debtor is paid federal funds related to Medicare Part A claims and Medicare Part B claims, from time to time and on an interim basis, by National Government Services ("**NGS**"), a Medicare Administrative Contractor ("**MAC**"). MACs reimburse providers such as the Debtor under the "prospective payment system" set forth in Medicare regulations, which is codified at 42 C.F.R. Part 413. Under this system, the MAC makes payments on an interim basis to a provider based upon claims submitted by such provider. A provider's interim payments are audited by the MAC after the provider submits its annual cost

report, pursuant to 42 U.S.C § 1395g. E. Currently, there may be overpayments against the Debtor in currently indeterminate amount in open account receivables. NGS has determined that there are no overpayments associated with the cost reports filed by the Debtor. However, NGS has not completed the final settlement of the Debtor's cost reports for the 2009 cost report year. These cost reports may result in overpayments due to the Medicare program. In addition, cost reports that have been settled may be reopened by CMS or the contractor in accordance with 42 C.F.R. § 405.1885.

F. Sections 1819 and 1919 of the Social Security Act establish requirements for surveying skilled nursing facilities participating in the Medicare and Medicaid Programs to determine whether they meet the requirements for participation in the Medicare and Medicaid Programs. See 42 U.S.C. §§ 1395i-3 and 1396r. Standard surveys are conducted for each skilled nursing facility to determine its compliance with the conditions of participation for these programs. See 42 C.F.R.§ 488.300 et seq. Facilities may be surveyed on behalf of CMS by State survey agencies. See 42 U.S.C. § 1395i-3(g). CMS may impose enforcement remedies, including civil money penalties (CMPs), on facilities which are not in substantial compliance with the applicable conditions of participation.

G. Based on certain findings of noncompliance, CMS imposed CMPs on the Debtor SNFs which were later reduced in consideration of the facilities' waiver of their right to a hearing. As of August 18, 2010, the Debtor owes CMS $151,902.36 in outstanding CMPs based on the following:

a) By letter dated November 24, 2009, CMS imposed a CMP plus interest in the total amount of $62,181.40 on Northwoods Rehabilitation and Extended Care Facility - Troy based on noncompliance found during a survey conducted on January 16, 2009. CMS approved

the facilitys request to pay this CMP in 18 equal monthly installments of $3,454.52. Payments are due on the 24th of each month with the final payment due on May 24, 2011. As of August 18, 2010, the outstanding balance to be paid is $34,545.24.

b) By letter dated November 24, 2009, CMS imposed another CMP plus interest in the total amount of $144,422.46 on Northwoods Rehabilitation and Extended Care Facility - Troy based on noncompliance found during a survey conducted on July 22, 2009. CMS approved the facilitys request to pay this CMP in 18 equal monthly installments of $8,023.47. Payments are due on the 27th of each month with the final payment due on May 27, 2011. As of August 18, 2010, the outstanding balance to be paid is $80,234.70.

c) By letter dated November 25, 2009, CMS imposed a CMP plus interest in the total amount of $55,120.34 on Northwoods Rehabilitation and Extended Care Facility - Hilltop based on noncompliance found during a survey conducted on July 1, 2009. CMS approved the facilitys request to pay this CMP in 18 equal monthly installments of $3,062.24. Payments are due on the 18th of each month with the final payment due on May 18, 2011. As of August 18, 2010, the outstanding balance to be paid is $30,622.42.

d) By letter dated August 18, 2010, CMS imposed a per instance CMP in the principal amount of $6,500.00 on Northwoods Rehabilitation and Extended Care Facility - Rosewood Gardens based on noncompliance found during a survey conducted on May 26, 2010. As of August 18, 2010, the outstanding balance which is due on September 2, 2010, is $6,500.00

H. On August 28, 2008, the Bankruptcy Court issued an order (**Order**), pursuant to 11 U.S.C. §§ 105(a) and 363, approving and authorizing the sale of substantially all the assets of the Debtor to Oasis, pursuant to the Purchase Agreement, free and clear of liens and other encumbrances. Paragraph 10 of the Order noted that, notwithstanding anything to the

contrary therein, in the event Oasis accepts assignment of the Provider Agreements, nothing in the Order shall be construed as authorizing or approving the transfer of the Provider Agreements to Oasis free and clear of successor liability for debts arising prior to the closing date, nor as enjoining or affecting any right of the United States of America, Department of HHS and/or CMS, or their agents to setoff or recoup from Oasis any Medicare debts which may be determined and which arise out of the Debtors operation of the business prior to the closing date. The Order stated that the transfer of the Provider Agreements to Oasis is subject to further order by the Bankruptcy Court.

I. Debtor wishes to assume and assign the Provider Agreements, and Assignees wish to receive assignment of the Provider Agreements in accordance with the Medicare statute, regulations, policies and procedures.

J. Debtor and Oasis believe that it is in their best business interest for Debtor to assume and assign and for Assignees to receive assignment of the Provider Agreements in accordance with the terms of the Provider Agreements, including the adjustment of future Medicare payments to account for all prior Medicare debts owed, including CMPs, and cost report overpayments and underpayments, if any.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**, by the Parties, by and through their undersigned counsel, as follows:

1. The foregoing Recitals form an integral part of this Stipulation and Order and are fully incorporated herein.

2. Pursuant to 11 U.S.C § 365 of the Bankruptcy Code, the Debtor shall assume the Provider Agreements upon this court's approval of this Stipulation. Cure for that assumption, namely the repayment of outstanding CMPs and any other Medicare debts which

may determined relating to the pre-Closing period, shall be provided by Assignees as described in this agreement.

3. As of the date of the closing of the sale between Debtor and Assignees of the SNFs (Transfer Date), and subject to the other terms of this agreement, Debtor will assign to (a) Troy Operating Co., LLC, the Medicare Provider Number 33-5377 and related Provider Agreement, (b) Cortland Operating Co., LLC, the Medicare Provider Number 33-5392 and related Provider Agreement, (c) Niskayuna Operating Co., LLC, the Medicare Provider Number 33-5701 and related Provider Agreement, and (d) Rensselaer Operating Co., LLC, the Medicare Provider Number 33-5693 and related Provider Agreement and Assignees will accept assignment of their respective Provider Agreements, as provided by 42 C.F.R. § 498.18, and subject to all the requirements of the Medicare statute, regulations, policies and procedures.

4. The parties agree that, in accordance with the Medicare statute, regulations, policies and procedures, including 42 C.F.R. § 489.18, payments to Assignees will be adjusted in accordance with the Medicare statute to account for any accounts receivables currently owed by the Debtor, penalties or cost report overpayments and underpayments which may be determined in the future relating to the period in which Debtor owned the providers. Moreover, Assignees, as holders of the Provider Agreements, will have all rights of appeal provided by Medicare law for reimbursement or other determinations related to the Provider Agreements. Debtor will no longer have any such appeal rights.

5. Assignees agree to continue making the respective monthly payments due under the installment plans previously approved for the Debtor. Payments will be made on a timely basis and in accordance with the payment instructions contained in the correspondence identified in Paragraph G. If CMS does not receive payment on the prescribed due dates as

specified above, the remaining balance of the respective CMP which is in default plus any interest accrued after the due date will be deducted or setoff from Medicare or Medicaid payments owed to the Assignee in default.

6. Upon the Transfer Date, nothing in this agreement as so ordered by the Court shall relieve or be construed to relieve Assignees from complying with all procedures, rules, and regulations of the Medicare program, including, but not limited to, (a) the requirement that they apply for and obtain CMS approval of a change of ownership by filing of form CMS 855; (b) the requirement that CMS review and adjust as appropriate future payments made under the Provider Agreements for periods following the Transfer Date; and (c) CMS's right to alter or amend the method of reimbursement to Assignees in accordance with applicable law.

7. CMS will process the assignment of Debtor's Provider Agreements in the ordinary course, which may be after the Transfer Date. The Debtor and Assignees understand that, pursuant to the Medicare Program Integrity Manual, Chapter 10, Section 5.5.2.5, the MAC contractor shall continue to pay the old owner until the tie in notices from CMS are received indicating that the change of ownership reported on the CMS 855 has been processed, and that it is the responsibility of the Debtor and Assignees to work out payment arrangements while the CMS 855 is being processed.

8. EF Consulting, LLC shall timely file a terminating cost report for each of the SNFs through the Transfer Date, and Assignees shall file a short period cost report for each of the respective SNFs to cover the period from the Transfer Date through the end of the fiscal period in which the Transfer Date falls.

9. Each of the undersigned counsel represents that he or she is authorized to execute this Stipulation and Order on behalf of his or her respective client.

10. This Stipulation and Order constitutes the entire agreement and understanding between the Parties pertaining to the subject matter hereof and may not be modified, altered, amended, or vacated without the prior written consent of the Parties or their counsel.

11. This Stipulation and Order may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which, when taken together, shall constitute one and the same agreement. Any of the Parties hereto may execute this Stipulation and Order by signing any such counterpart and each such counterpart, including a facsimile counterpart, shall for all purposes be deemed to be an original.

12. This Stipulation and Order is subject to the approval of the Bankruptcy Court and shall not be binding upon the Parties until the Bankruptcy Court approves it. Upon Bankruptcy Court approval, this Stipulation and Order shall be binding upon the Parties and each of their successors and assigns.

13. The Bankruptcy Court shall retain jurisdiction over the Parties and this Stipulation and Order for the purposes of interpreting, implementing, and enforcing its terms and conditions.

**IN WITNESS WHEREOF**, the Parties, by their authorized counsel, have set their hands in agreement as of the date written below.

DATED: August , 2010

                                        **BACKENROTH, FRANKEL & KRINSKY, LLP**
                                        Attorneys for Purchaser and Assignees

                                        By: _____
                                              Abraham J. Backenroth, Esq.

IN WITNESS WHEREOF, the Parties, by their authorized counsel, have set their hands in agreement as of the date written below.

DATED: August , 2010

                **BACKENROTH, FRANKEL & KRINSKY, LLP**
                Attorneys for Purchaser and Assignees

                By: _____
                    Abraham J. Backenroth, Esq.
                    489 Fifth Avenue
                    New York, New York 10017
                    Tel: 212-593-1100

**DEBTOR**

HIGHGATE LTC MANAGEMENT, LLC

By: _____
    Mark Fishman, Esq.
    Chapter 11 Trustee

**PURCHASER**

OASIS HC, LLC

By: _____
    Name: Benjamin Landa,
    Title: Member

**ASSIGNEES:**

CORTLAND OPERATING CO, LLC

By: _____
    Name: Bent Philipson
    Title: Managing Member

489 Fifth Avenue
New York, New York 10017
Tel: 212-593-1100

**DEBTOR**

HIGHGATE LTC MANAGEMENT, LLC

By: _____/s/_____, Trustee
    Mark Fishman, Esq.
    Chapter 11 Trustee

**PURCHASER**

OASIS HC, LLC

By: _____
    Name: Benjamin Landa,
    Title: Member

**ASSIGNEES:**

CORTLAND OPERATING CO, LLC

By: _____
    Name: Bent Philipson
    Title: Managing Member

NISKAYUNA OPERATING CO, LLC

By: _____
    Name: Bent Philipson
    Title: Managing Member

NISKAYUNA OPERATING CO, LLC

By: _____
    Name: Bent Philipson
    Title: Managing Member


TROY OPERATING CO, LLC

By: _____
    Name: Bent Philipson
    Title: Managing Member


RENSSELAER OPERATING CO, LLC

By: _____
    Name: Bent Philipson
    Title: Managing Member


OFFICE OF THE UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK
Attorney for the United States Department
of Health and Human Services

By: _____
    DIANE J. CAGINO
    James T. Foley U.S. Courthouse
    445 Broadway
    Albany, NY 12207


**SO ORDERED.**

SIGNED this day of August, 2010.

By: _____
Name: Esther Farkovits
Title: Sole Member

_____
ROBERT E. LITTLEFIELD, JR.
Chief U.S. Bankruptcy Judge

SIGNED this 31st day of August, 2010.

_____
ROBERT E. LITTLEFIELD, JR.
Chief U.S. Bankruptcy Judge

07-11068  365
OASIS LLC