UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____x

In re:

HIGHGATE LTC MANAGEMENT, LLC,

                      Debtors.
_____x

**Chapter 11
Case No. 07-11068 REL
(Jointly Administered)**

## ORDER DISMISSING CASES, DIRECTING DISTRIBUTION
## OF FUNDS AND GRANTING ANCILLARY AND RELATED RELIEF

Mark I. Fishman, the Chapter 11 Trustee in these jointly-administered cases (the "Trustee"), (a) having completed the sale of the Debtors' four nursing homes and other assets attendant thereto, which comprised substantially all of the Debtors' assets, (b) having made payment of various obligations, including secured debt, from most of the proceeds of that sale and (c) now having moved to dismiss these cases (the "Motion"), the United States Trustee having concurred that these cases should be dismissed, due and sufficient notice having been given, a hearing having been held on the Motion, due deliberation having been had upon the

Motion, and cause having been found to grant the Motion, to dismiss these cases and to enter this Order, it is hereby

**ORDERED**, that these cases are dismissed; and it is further

**ORDERED,** that any and all objections to the Motion not previously resolved are overruled; and it is further

**ORDERED**, notwithstanding this Order and the dismissal effected by this Order (the "Dismissal"), that the rights and obligations acquired by any person or entity pursuant to orders previously entered in these cases (the "Prior Orders") are not altered, affected or impaired, and the Prior Orders are not otherwise affected by the Dismissal and shall remain in full force and effect unless otherwise specified; and it is further

**ORDERED**, that notwithstanding the Dismissal, this Court shall retain jurisdiction to enforce the Prior Orders and/or otherwise resolve any disputes, controversies or claims arising out of the Prior Orders; and it is further

**ORDERED**, that this Court shall retain jurisdiction over all pending motions in these cases and over any disputes relating to or arising from this Order or from any of the matters referred to or addressed in this Order; and it is further

**Adversary Proceedings**

**ORDERED**, that this Court shall retain jurisdiction over the adversary proceedings encaptioned <u>Mark I. Fishman, Trustee v. Brandila Investments, et al.</u>, Adv. Proc. No. 08-90197-1-rel, and <u>Mark I. Fishman, Trustee v. Krant</u>, Adv. Proc. No. 09-90043-1-rel, including any amended or further amended complaints therein (collectively, the "Avoidance Actions"); and it is further

**ORDERED**, (a) that the Trustee shall retain his standing to prosecute and/or settle the Avoidance Actions, including the execution and delivery of releases and other settlement documents on behalf of the estates and the Debtors, may continue to employ counsel for such prosecution and may continue to employ counsel for any other matters required or permitted by this Order, (b) that the transfers which are the subject of the Avoidance Actions, if avoidable, shall remain avoidable and shall not be affected by this Order or by the Dismissal and (c) that any net recoveries or settlements from the Adversary Proceedings shall become Distributable Funds, as defined hereinafter; and it is further

**ORDERED**, that this Court's jurisdiction, if any, over the adversary proceeding encaptioned <u>EF Consulting LLC, et al. v. General Electric Capital Corporation</u>, Adv. Proc. No. 10-90175-1-rel, shall not be affected by this Order or by the Dismissal; and it is further

**Disposition of Funds; Treatment of General Unsecured**
**Claims, Including Personal Injury and Similar Claims**

**ORDERED**, that Neubert, Pepe & Monteith, P.C. ("Neubert"), counsel to the Trustee, shall turn over to Farrell Fritz, P.C., the attorneys for the Official Committee of Unsecured Creditors herein (the "Committee"), the amount of $200,000.00 (the "Unsecured Fund") which it is holding in escrow and which has been designated for distribution to general, unsecured creditors ("General Unsecureds") of the Debtors; and it is further

**ORDERED**, that the costs and expenses of distributing the Unsecured Fund shall be paid from the Unsecured Fund; and it is further

**ORDERED**, that the net funds of the Unsecured Fund, after payment or reserve for costs and expenses of distribution, shall be paid <u>pro</u> <u>rata</u> to all General Unsecureds <u>except</u> (a) that no payment shall be made on account of any allowed claim of less than $10,000.00 and (b) that, in recognition of the unliquidated nature of such claims, the possible availability of

insurance and the possible benefit to claimants of this Order and the Dismissal, no payment shall be made on account of personal injury, wrongful death, medical malpractice and/or other tort or similar claims, all of which claims shall survive this Order and the Dismissal and, if established, shall be paid from available insurance coverage to the extent sufficient, without further order of this Court, with all such coverage to survive this Order and the Dismissal; and it is further

**ORDERED**, that the Trustee may, as trustee, continue to utilize existing or future funds of the estates ("Distributable Funds") (a) to implement this Court's order of November 22, 2010 allowing final compensation and reimbursement of expenses to the several professionals employed in these cases, (b) to pay the estates' share of the fees and expenses of the court-appointed mediator in the Avoidance Actions without further order, including any increased fees and expenses beyond the amount originally authorized by this Court, such increase in the estates' share not to exceed $5,000.00, (c) to pay United States Trustee fees for the current partial calendar quarter until the date of entry of this Order, (d) to reimburse Neubert, without further order, for its costs incurred in reproducing and serving the Motion, and (e) to pay the fees and expenses of any appraiser or accountant(s), including CBIZ MHM, LLC or affiliates, retained or to be retained by the Trustee for advice and services relating to litigation and/or tax matters, including possible preparation of tax returns, whose retention for such purposes is expressly authorized without further order (all of the foregoing, collectively, to be referred to as the "Designated Uses"); and it is further

**ORDERED**, (a) that all Distributable Funds shall, after payment or reserve for all of the Designated Uses, be distributed by the Trustee in the order of priorities set forth in 11 U.S.C. § 507(a)(4), et seq., subject, however, to any subsequent supplemental award or allowance of compensation or reimbursement of expenses, as to which this Court shall retain

jurisdiction, (b) that the remaining Distributable Funds, if any, shall be turned over and added to the Unsecured Fund and (c) that, if the amount of Distributable Funds is insufficient to pay all allowed priority claims in full, then payments shall be made on a pro rata basis on account of claims at the next lower level of priority after the lowest level of priority, including § 507(a)(2), which has been paid in full; and it is further

**ORDERED**, that the Trustee and/or the Committee, each in such capacity, may, but shall not be required to, object to any claim on account of which a payment might otherwise be made, that this Court shall retain jurisdiction over any such objection and that the Trustee and/or the Committee may settle, compromise or otherwise resolve any such objection without further order of this Court; and it is further

**ORDERED**, that no funds of the estates or of the Unsecured Fund shall be paid to any person or entity except as set forth in this Order; and it is further

**Tax Matters**

**ORDERED**, that the Trustee, as trustee on behalf of the Debtors, is authorized but not required to sign tax-related documents, respond to tax-related inquiries, furnish information to taxing authorities, and/or prepare and file Internal Revenue Service Form 1065 tax returns and related documents and the corresponding state tax returns and related documents for any year or years for which such returns have not been filed, subject to the provisions of 11 U.S.C. § 1106, without personal liability, and subject to possible constraints upon such filing by reason of the Trustee's inability to obtain copies of the Forms 1065 which were filed for certain years, which inability may further render it impossible for the Trustee to file complete and accurate returns; and it is further

**ORDERED**, that Oasis HC, LLC and EF Consulting LLC, who were the successful contract purchaser of the Debtors' nursing homes and the Substitute Receiver of such nursing homes, respectively, are directed to comply fully with the Post-Closing Agreement (the "Post-Closing Agreement") among, inter alia, them and the Trustee, including without limitation furnishing to the Trustee tax returns covering the months of January, 2010 through August, 2010 so that the Trustee may file such returns in accordance with the immediately preceding paragraph; and it is further

**ORDERED,** (a) that all rights of the Trustee and the estates with respect to pending property tax appeals or grievances, however denominated (the "Appeals"), shall be deemed assigned by the Trustee jointly to General Electric Capital Corporation and Oasis HC, LLC, (b) that General Electric Capital Corporation and Oasis HC, LLC shall be substituted as parties plaintiff in such appeals or grievances and (c) that the Trustee may implement any pending settlements of the Appeals, or of one or more of them, including execution and delivery of releases and other settlement documents; and it is further

**Miscellaneous**

**ORDERED**, that the vendor escrow fund ("Vendor Escrow") relating to the claims of certain administrative priority claimants identified in the Post-Closing Agreement may be released by the Trustee to the specified claimants or to EF Consulting LLC, in the Trustee's sole discretion, when and as the administrative priority claims of such specified claimants are determined or otherwise resolved; and it is further

**ORDERED**, that EF Consulting LLC may object to any claim which is the subject of the Vendor Escrow and that this Court shall retain jurisdiction over any such objection; and it is further

**ORDERED**, that the Trustee and Neubert, as the case may be, are authorized and directed to turn over to Oasis HC, LLC and/or Hyman Jacobs, who was the "stalking horse" purchaser of the Debtors' nursing homes, the remaining bank interest payments, if any, in the possession of one or both of them arising from their previous custody of the purchase deposits placed with one or both of them by Oasis HC, LLC and Hyman Jacobs; and it is further

**ORDERED**, that, except as provided herein, the Trustee shall not be required to perform any further duties pursuant to 11 U.S.C. §§ 1106 or 704 or otherwise, that the Trustee's bond and the surety therefor are released, discharged, exonerated and cancelled and that the Trustee is released, discharged and exonerated, including from any liability or obligations of the Debtors, the estates, the previous receiver of the Debtors' business and assets and/or the Substitute Receiver of such business and assets; and it is further

**ORDERED**, that the Trustee shall not be required to submit monthly operating reports or similar reports for any time period subsequent to entry of this Order and that no further fees or charges in favor of the United States Trustee shall accrue after entry of this Order; and it is further

**ORDERED**, that Hiscock & Barclay, LLP, the Trustee's counsel in the Appeals, may be compensated by General Electric Capital Corporation and/or Oasis HC, LLC, without further order, in accordance with the terms of the Real Estate Tax Retainer Agreement among such entities and the Trustee; and it is further

**ORDERED**, that the Trustee, in such capacity, may, but shall not be required to, appeal, or contest any appeal or similar or related proceeding brought by any person or entity from, any order(s) of this Court, including pursuing a request or motion for costs or sanctions, in the Trustee's sole discretion; and it is further

**ORDERED**, that service of any pleading or other filing made hereafter in this Court in these cases may be effected solely by filing of such document in the Court's ECF system and the Court's subsequent electronic service of such document through its ECF system; and it is further

**ORDERED**, (a) that the Trustee may, notwithstanding this Order and the Dismissal, execute documents as trustee in furtherance of, or consistent with, his sale of the Debtors' nursing homes, in furtherance of this Order or its purposes or objectives, or in furtherance or facilitation of the orderly termination of these cases and (b) that the activities of the Trustee, as authorized or prescribed in this Order, shall be deemed "administration of Debtors' estates" for purposes of Article 9.6 ("Access to Records") of the Purchase Agreement between the Trustee and Oasis HC, LLC; and it is further

**ORDERED**, that the Trustee, in his sole discretion, may discard and/or destroy any files or records of the Debtors or of Debtors' counsel which are in his actual or constructive possession.

###