Hearing Date:  April 13, 2011
Hearing Time:  11:00 a.m.  (E.S.T.)
Hearing Place:  Albany

Ted A. Berkowitz (B.R. No. 513583)
Robert C. Yan (B.R. No. 514540)
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, New York  11556-1320
Tel:     (516) 227-0700
Fax:    (516) 227-0777

*Attorneys for the Official
Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :   Case No. 07-11068 (REL)
                                                             :
HIGHGATE LTC MANAGEMENT, LLC, *et al.*[1]                    :   Chapter 11
                                                             :
                                                             :   (Jointly Administered)
                                        Debtors.             :
-------------------------------------------------------------x

## OBJECTION TO BETTY O. MUKA'S MOTION TO SANCTION

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned jointly administered bankruptcy cases, by and through its attorneys, hereby submits its objection (the "Objection") to *Betty O. Muka's Motion to Sanction the Members of "The Committee of Unsecured Creditors" and Their Attorneys, Ted A. Berkowitz and Robert C. Yan and Their Law Firm of Farrell Fritz, P.C., for Failures and Refusals to Perform Their Duties as Committee Members and as Appointed Attorneys for the "Official Committee of Unsecured Creditors"* (the "Motion for Sanctions"), dated March 23, 2011 [Doc. No. 1415].  In support of this Objection, the Committee respectfully states as follows:

---

[1] The Debtors in these Chapter 11 cases include: Highgate LTC Management, LLC (Case No. 07-11068) and Highgate Manor Group LLC (Case No. 07-11069).

## BACKGROUND

1.  On April 16, 2007 (the "Petition Date"), Highgate LTC Management, LLC ("Highgate Management") and Highgate Manor Group, LLC ("Highgate Manor") (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. By Order of the Court, dated April 18, 2007, Highgate Management and Highgate Manor's chapter 11 cases were jointly administered for procedural purposes under the lead case of Highgate Management.

2.  Prior to the Petition Date, pursuant to an Order from the Supreme Court, State of New York, County of Rensselaer (the "Receivership Order"), dated on or about November 29, 2006, Long Hill Alliance Company ("Long Hill") was appointed receiver for Highgate Management's four nursing home facilities and the related real estate (the "Facilities") in connection with a foreclosure action commenced by the Debtors' secured lender General Electric Capital Corporation ("GECC"). By Order of the Court, dated May 18, 2007, Long Hill was authorized to continue managing the Facilities as per the Receivership Order and was excused from complying with the requirements of sections 543(a) and (b)(1) of the Bankruptcy Code.

3.  On May 17, 2007, the Court entered an Order directing the Acting United States Trustee for Region 2 (the "US Trustee") to select and appoint a trustee in these cases pursuant to section 1104(d) of the Bankruptcy Code (the "Chapter 11 Trustee") [Doc. No. 85]. On May 21, 2007, the Court entered an Order approving the US Trustee's appointment of Mark I. Fishman, Esq. as the Chapter 11 Trustee in these cases [Doc. No. 91]. On June 4, 2007, Mark I. Fishman, Esq. filed his Amended Notice of Acceptance to serve as the Chapter 11 Trustee [Doc. No. 100].

4.  The Committee was appointed by the US Trustee for this District pursuant to section 1102(a) of the Bankruptcy Code on April 23, 2007 [Doc. No. 27]. On June 6, 2007, the

Court entered an Order authorizing the Committee's employment and retention of Farrell Fritz, P.C. ("Farrell Fritz") as its attorneys in these cases, effective as of April 23, 2007 (the "Farrell Fritz Retention Order") [Doc. No. 106]. The Farrell Fritz Retention Order was entered without objection from the US Trustee.

5. By Order (the "Sale Order"), dated August 28, 2008, the Court authorized and approved the sale (the "Sale") of substantially all of the Debtors' assets to Oasis HC, LLC ("Oasis") as per the Asset Purchase Agreement, made as of August 12, 2008 and attached to the Sale Order as Exhibit A.

6. Pursuant to an Order from the Supreme Court, State of New York, County of Rensselaer, dated November 3, 2008, EF Consulting, LLC replaced Long Hill as the receiver for the Facilities.

7. On August 10, 2010, the Court entered an Order granting GECC's motion for authority to distribute proceeds from the sale of certain assets (the "Proceeds Distribution Order") [Doc. No. 1199]. Pursuant to the Sale Order, GECC's liens and claims attach as a first priority lien, properly perfected and unavoidable, subject to certain limited exceptions, upon the proceeds of the Sale.

8. On August 31, 2010, the Court approved a stipulation authorizing the assumption and assignment of certain Medicare provider agreements to certain designated assignees of Oasis. [Doc. No. 1227].

9. By letter, dated September 14, 2010, the Chapter 11 Trustee formally announced the closing of the sale to Oasis. [Doc. No. 1264].

10. On February 16, 2011, the Chapter 11 Trustee filed a motion for entry of an order dismissing these cases and directing the distribution of funds (the "Motion to Dismiss"). [Doc.

No. 1388]. Various parties, including Ms. Muka, the US Trustee, and the Committee filed responses to the Motion to Dismiss. [Doc. Nos. 1395, 1405 and 1409, respectively]. The Motion to Dismiss is presently scheduled for a hearing on April 13, 2011 at 11:00 a.m.

11. On March 23, 2011, Ms. Muka filed her Motion for Sanctions.

## **ARGUMENTS**

12. To the extent Ms. Muka has even asserted a claim or claims in the Motion for Sanctions, it appears that she is alleging the Committee, through its members and attorneys (collectively, the "Committee Parties"), has breached some type of duty in connection with these cases. Nothing could be further from the truth. Ms. Muka's perception of alleged wrongful conduct by the Committee Parties is solely the product of her own misunderstandings, mischaracterizations and misgivings of these cases, the facts and the law. The Motion for Sanctions should be denied in all respects for a number of reasons, including without limitation, being procedurally and substantively flawed.

13. As an initial point, the Motion for Sanctions cites to no procedural legal authority for whatever relief Ms. Muka is apparently seeking. Because the Motion for Sanctions does not clearly set forth the nature of the claims being asserted against the Committee Parties, it is impossible to determine what procedures must be complied with. On this basis, alone, the Motion for Sanctions should be denied in all respects.

14. Notwithstanding the procedural defects that the Motion for Sanctions suffers, the Motion for Sanctions fails to present any legal grounds or support for relief. Therefore, the Motion for Sanctions should be denied in all respects.

15. The majority portion of the Motion for Sanctions seemingly relates to administrative aspects of the case—e.g., the appointment of the Committee by the US Trustee in

accordance with the Bankruptcy Code and the Court's approval of Farrell Fritz as the Committee's attorneys, the appointment and approval of the Chapter 11 Trustee, and the scheduling and rescheduling of meetings of creditors under section 341 of the Bankruptcy Code. Reference to these administrative matters is simply irrelevant and is not indicia of any alleged wrongdoing as Ms. Muka might otherwise argue.

16. The remaining portion of the Motion for Sanctions appears to relate to Ms. Muka's perceived "refusal" by the Committee Parties to perform. Such allegations are readily belied by the Committee's active role in these cases. For example, the Committee has consistently communicated, as necessary, with the US Trustee, the Chapter 11 Trustee, and GECC (as the undisputed holder of a first priority lien on virtually all of the assets of the Debtors' Estates), among others, concerning matters of the Debtors' Estates, and has regularly appeared before the Court for hearings.

17. It is evident from the Motion for Sanctions that Ms. Muka's allegations stem from her own misunderstanding of the facts and law. For example, Ms. Muka attempts to support her position with an emphasis on the distribution of proceeds from the tax appeals to GECC without an objection from the Committee. This emphasis, however, is squarely misplaced. GECC holds a first priority lien on virtually all of the Debtors' Estates' assets, including proceeds from the tax appeals.

18. Ms. Muka also clearly mischaracterizes the Committee's Limited Objection [Doc. No. 1409] as an example of some purported wrongful act by the Committee.[2] The Limited Objection provides that as a matter of efficiency, and because of the administrative aspects concerning the payment of distributions, the Chapter 11 Trustee is the party more properly suited

---

[2] Contrary to Ms. Muka's allegation, she was served a copy of the Limited Objection on March 16, 2011. *See Certificate of Service* [Doc. No. 1410].

5

to distribute the Unsecured Fund (as defined in the Motion to Dismiss) that are being held in escrow by the Chapter 11 Trustee's attorneys for the holders of general unsecured claims. By promoting efficiency of distribution, the holders of general unsecured claims benefit because all costs and expenses of distributing the Unsecured Fund will be paid from the Unsecured Fund.

19. Lastly, Ms. Muka's misgivings of the propriety of these cases or that the rights of creditors have been prejudiced in some way in connection with the Sale are unsubstantiated and unavailing. Setting aside the Committee's acts in good faith in monitoring and participation in these cases, these cases have also proceeded under the watchful eye of the US Trustee.

20. No novel issues of law are presented herein, and therefore, it is respectfully requested that the Court waive the requirement contained in Local Rule 9013-1 that a memorandum of law be filed in support of this Objection.

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that the Motion for Sanctions be denied in all respects, and grant the Committee such other and further relief as is just and proper.

Dated: Uniondale, New York
April 6, 2011

FARRELL FRITZ, P.C.

By: /s/ Ted A. Berkowitz .
Ted A. Berkowitz (B.R. No. 513583)
Robert C. Yan (B.R. No. 514540)
1320 RXR Plaza
Uniondale, New York 11556-1320
Tel: (516) 227-0700
Fax: (516) 227-0777

*Attorneys for the Official Committee of Unsecured Creditors*